# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| ALAN D. HALPERIN AND EUGENE I. DAVIS AS CO-TRUSTEES OF THE APPVION LIQUIDATING TRUST<br><br>Plaintiff,<br><br>v.<br><br>MARK R. RICHARDS, *et al.,*<br><br>Defendants. | Case No. 19-CV-1561-WCG |

## ARGENT TRUST COMPANY'S MOTION TO DISMISS

On October 23, 2019, the United States Bankruptcy Court for the District of Delaware transferred Counts I-VIII of Plaintiff's Second Revised Amended Complaint to this Court. (Docs. 1, 2.) Pursuant to Federal Rule of Civil Procedure 12(b)(6), Argent Trust Company ("Argent") moves to dismiss the sole claim asserted against it—Count V—which is a state tort law aiding and abetting claim. As explained in Argent's accompanying memorandum in support, Count V fails as a matter of law for two reasons.

First, the aiding and abetting claim (Count V) is preempted by ERISA. ERISA preempts state law as it relates to an employee benefit plan like the Appvion ESOP. The purpose of ERISA is to have a single body of federal law govern employee benefit plans and the conduct of ERISA fiduciaries like Argent, and not a hodgepodge of 50 states' trust and tort laws. Here, the Plaintiff uses state common law as the benchmark for determining whether Argent properly valued the stock held in the Appvion ESOP. This valuation was required by the Appvion ESOP (as Plaintiff acknowledges) and ERISA, and is a core fiduciary function, the performance of which is central

to proper ESOP administration. Plaintiff's challenge to Argent's work for the Appvion ESOP seeks to measure Argent's fiduciary conduct under state law in just the way that ERISA preempts. The Court should therefore dismiss Count V.

Second, the aiding and abetting claim should also be dismissed because it fails to allege sufficient facts to state a claim. Plaintiff did not and cannot allege the requisite "knowing participation" by Argent. Plaintiff also did not and cannot allege that the trustee and valuation services Argent provided to the Appvion ESOP constitute sufficient assistance to the underlying alleged tortfeasors to state an aiding and abetting claim.

Because Plaintiff has failed to state a claim against Argent, the Court should dismiss Argent from this lawsuit pursuant to Federal Rule 12(b)(6).

Dated: December 16, 2019  By: : */s/ William P. McKinley*
William P. McKinley SBN # 1072959
MENN LAW FIRM, LTD.
2501 E. Enterprise Ave.
Appleton, Wisconsin 54912
Email: William-Mckinley@mennlaw.com
Tel: (920) 731-6631
Fax (920) 560 4757

-and-

By: */s/ Michael L. Scheier*
Michael L. Scheier
Brian P. Muething
Jacob D. Rhode
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite No. 1400
Cincinnati, Ohio 45202
Email: mscheier@kmklaw.com
bmuething@kmklaw.com
jrhode@kmklaw.com
Tel: (513) 579-6400
Fax: (513) 579-6457

*Counsel for Argent Trust Company*

## CERTIFICATE OF SERVICE

   I certify that on December 16, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                  */s/ Michael L. Scheier*

9613967.4