# Exhibit 5



phone: 855.504.1376
fax: 678.325.3132
1100 Abernathy Road
500 NorthPark, Suite 550
Atlanta, GA 30328
ArgentFinancial.com

May 26, 2015

Appvion, Inc.
825 E. Wisconsin Avenue
Appleton, WI 54912-0359
Attention: Mr. Mark Richards, CEO

*Re: Appvion, Inc. Employee Stock Ownership Trust*

Dear Mr. Richards:

This letter constitutes an agreement (the "Agreement") between Argent Trust Company, N.A. ("Argent") and Appvion, Inc., a Delaware corporation (the "Company"), under which Argent will: (i) serve as the independent, discretionary trustee (the "Trustee") of the Appvion, Inc. Employee Stock Ownership Trust (the "Trust") (which is part of the Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan, as amended from time to time (the "Plan," together with the Trust referred to as the "ESOP")); (ii) carry out the duties and responsibilities of the Trust as set forth in the agreement governing the Trust; and (iii) provide professional services as are appropriate and consistent with its fiduciary responsibilities under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), as the independent, discretionary Trustee of the Trust. Paperweight Development Corp., a Wisconsin corporation ("Parent Corporation," together with the Company referred to as "The Paperweight Companies") hereby joins into this Agreement as of the date hereof.

### *Engagement*

Effective as of the date hereof ("Effective Date"), the Company and Argent agree that Argent shall serve as the discretionary Trustee of the Trust pursuant to this Agreement and the terms of the Trust, and the terms of the engagement agreement between Reliance Trust Company (the predecessor of Argent) and Appleton Papers, Inc. (now known as Appvion) dated March 22, 2014 shall be amended and restated in its entirety by this Agreement.

By way of this Agreement, Argent, in its capacity as discretionary Trustee, agrees to represent: (i) the participants and beneficiaries of the Plan; and (ii) the Trust as a separate legal entity that is holding assets (including, but not limited to, the shares of common stock of Parent Corporation) for the benefit of the participants and beneficiaries of the Plan. As part of this engagement, Argent agrees to: (i) review the terms and conditions of the proposed transaction involving the sale of assets associated with the Encapsys business of the Company to Sherman Capital Holdings LLC ("Proposed Transaction"); (ii) determine whether to consent to such Proposed Transaction; and (iii) determine whether to pass through the vote on the shares of common stock of the Parent Corporation to the participants pursuant to the ESOP. This engagement does not include representation or protection of the interests of: (i) The Paperweight Companies; or (ii) the Parent Corporation, and affiliates, subsidiaries (which includes Appvion),

DB1/ 83258445.7

advisors, agents or other constituents of the Parent Corporation. In addition, the ESOP Administrative Committee will continue to be responsible for directing Argent with respect to certain administrative aspects of the ESOP (such as, eligibility and distributions which will be set forth in the amendment to the Trust or amended and restated Trust). In all such instances, Argent's fiduciary duties under ERISA are solely owed to the interests of participants and beneficiaries of the Plan. Argent and the Company agree that Argent is engaged to serve as the independent discretionary Trustee of the Trust and to carry out all the duties and responsibilities required by ERISA and the Trust.

Argent acknowledges that all of its duties and responsibilities are owed solely to the participants and beneficiaries of the Plan, even though the Company has agreed to pay Argent's fees and expenses (including the fees and expenses of Argent's professional advisors). Argent intends to take all action necessary to maintain its independence as long as Argent serves as the Trustee of the Trust.

### *Trustee's Authority*

Argent agrees, in Argent's sole and complete discretion, to manage, acquire, hold, dispose of, and vote the shares of common stock of the Parent Corporation held by the Trust (or act by written consent of the sole shareholder of the Parent Corporation), and control the assets and investments of the Trust, and will exercise its duties and obligations with respect thereto in accordance with: (i) the fiduciary requirements of ERISA; and (ii) the terms and conditions set forth in this Agreement and the Trust. Argent agrees to take such actions, or cause others to act on its behalf, to carry out its fiduciary duties and responsibilities as discretionary Trustee of the Trust.

Argent agrees to keep and maintain all financial records of the Trust. Either: (i) upon ten (10) days request by the ESOP Administrative Committee, the Board of the Company, or the Board of the Parent Corporation; or (ii) thirty days following the completion by the Trustee of the annual valuation of the shares of common stock of the Parent Corporation held by the Trust, Argent shall provide the ESOP Administrative Committee and the Boards of The Paperweight Companies with: (i) a report on the activities of the ESOP; and (ii) a report on the actions performed or taken by the Trustee.

Argent shall: (i) engage an independent financial advisor of its choosing to perform valuations as required under the ESOP and to assist Argent in determining the fair market value of the shares of common stock of the Parent Corporation held by the Trust and/or evaluating any proposed transaction(s) involving the assets of the Trust which may include among other types of work, performing financial analysis for the Trustee and issuing a fairness opinion on a particular transaction or decision; (ii) engage and retain independent legal counsel of its choosing in connection with matters involving the Trust; and (iii) reimburse from available Trust assets reasonable fees of such consultants, advisors, and attorneys. As part of the process of selecting the independent financial advisor, Argent agrees to conduct a well documented interview process and document the reasons for the selection of the financial advisor (including confirmation of the financial advisor's independence and qualifications).

The independent financial advisor engaged by Argent will report directly to Argent, not to the Company. Argent shall permit: (i) the Company to rely on any work and opinions rendered by its financial advisor, unless such grant of permission or reliance would result in a violation of ERISA, or Argent, in its sole discretion, determines that such grant of permission or reliance would not be appropriate under the circumstances and in the best interests of the Plan; and (ii) upon request by Company or the Parent Corporation, the auditing firm engaged by the Company that performs the audit/review of the financial statements of the Company to receive a copy of the valuation of the shares of the common stock of the Parent Corporation held by the Trust after the auditing firm (engaged by the Company) signs a non-reliance/non-disclosure letter that Argent provides to such auditing firm.

To enable Argent to perform its duties properly, the Company shall deliver to Argent all information regarding the finances and operations of The Paperweight Companies (and its subsidiaries) that Argent shall reasonably request. In addition, The Paperweight Companies shall grant to Argent (and its advisors) reasonable access to the facilities, officers, directors and employees of the Company (and its subsidiaries). The Company represents that the information that it provides to Argent (and its advisors) will be accurate and complete in all material respects. The Company acknowledges that Argent will rely on the accuracy of such information to carry out its responsibilities pursuant to this Agreement.

## *Compensation and Expenses*

For its services as a discretionary Trustee of the Trust in connection with the Proposed Transaction, the Company shall pay Argent the Transaction Fee of $200,000 of which $115,000 is due at the execution of this letter. The balance of the Transaction Fee of $85,000 will be due upon the earlier of (i) the closing of the Proposed Transaction and (ii) August 31, 2015. All fees and expenses are payable regardless of whether the Proposed Transaction is consummated and regardless of whether Argent consents to the Proposed Transaction.

From and after the earlier of (i) closing of the Proposed Transaction and (ii) August 31, 2015, for its services as an ongoing discretionary Trustee, the Company shall also pay an annual fee in accordance with the attached "Fee Schedule". Such annual fee shall be pro rated on a monthly basis for any partial calendar year.

Argent shall also be reimbursed for any and all reasonable direct out-of-pocket expenses incurred in connection with the performance of its duties and responsibilities under the Trust, pursuant to this Agreement. Such expenses may include, but not be limited to, legal, accounting, independent financial advisor, and other professional fees as may be required in the event Argent considers it necessary to obtain such services to perform its duties and responsibilities adequately under the Trust and this Agreement. Such out-of-pocket expenses shall be paid within a reasonable period of time after detailed bills from such professionals are reviewed and accepted by the Trustee and forwarded to the Company for payment. If the Company disputes any such bill, Argent and the Company agree to work in good faith to resolve the matter within 30 days after such expense is disputed by the Company.

In the event: (i) Argent (or any officer, director or employee of Argent) is called to answer interrogatories, be deposed, or give testimony in an administrative or judicial proceeding regarding investigation or inquiry of the ESOP; or (ii) Argent is asked to perform duties beyond the scope of this engagement, Argent shall be entitled to reasonable compensation and out-of-pocket expenses incurred in connection therewith.

## *Termination of Trustee's Engagement*

The engagement of Argent under this Agreement may be terminated by either party pursuant to the provisions and procedures set forth in the Trust. If there is no such provision in the Trust, the terminating party shall give the other party thirty (30) days written notice.

## *Indemnification*

Recognizing that appointments of the type contemplated in this Agreement can result in investigations, litigation, or other proceedings, the Company agrees, to the fullest extent federal law permits, to indemnify and hold Argent and its directors, employees, and officers harmless against and from any and all claims, damages, expenses, liabilities, and losses whatsoever (including, but not limited to, any and all expenses reasonably incurred in investigating, preparing, or defending any investigations, arbitrations, litigation, or other proceedings, commenced or threatened, or any claim whatsoever, whether or not resulting in any liability), to which any or all of them may become subject under any applicable federal or state law or otherwise relating to Argent's duties hereunder (including all claims that should arise against Argent prior to Argent's appointment and engagement as the Trustee) and under the Trust. However, any such indemnification or agreement to hold Argent harmless shall not apply to any claim, damage, expense, liability, or loss that is held by a court of competent jurisdiction, on a final judgment from which no appeal can be taken (or the parties have agreed to not appeal such decision), to the extent it results from Argent's bad faith, breach of fiduciary duty under ERISA, gross negligence, willful misconduct, or a material breach of the terms of this Agreement. The Company further agrees that Argent shall have no liability to the Company, or any other person for any losses relating to this engagement, except as provided in the last paragraph of this "Indemnification" section of the Agreement.

If Argent receives notice of any action or legal proceeding with respect to which indemnification may be sought from the Company pursuant under this paragraph (a "Proceeding"), Argent shall notify the Company of the Proceeding in writing within thirty (30) days of its receipt of notice of the commencement of the Proceeding. However, the failure by Argent to so notify the Company shall not relieve the Company from any liability, except to the extent that the failure to notify the Company shall actually have prejudiced the Company's defense of any Proceeding. The Company will be entitled to assume the defense of the Proceeding with counsel reasonably satisfactory to Argent (which consent shall not be unreasonably withheld) or to otherwise participate in the Proceeding. If the Company elects to assume the defense of the Proceeding, it then shall pay all costs of defense.

Argent shall have the right to employ its own counsel in any Proceeding, if any one or more of the following conditions are satisfied:

    a. the Company shall authorize the employment by Argent of its own legal counsel;

DB1/ 83258445.7

b. legal counsel to Argent advises Argent that that there may be one or more legal defenses available to it that is in addition to or different from defenses available to the Company and legal counsel for the Company declines to assert such defenses (in which case the Company shall not have the right to assume the defense of the Proceeding on behalf of Argent); or

c. in the reasonable opinion of legal counsel to Argent a conflict of interest exists between the Company and Argent that would make such separate representation advisable.

The Company shall reimburse Argent for all reasonable, documented expenses and fees promptly when Argent incurs them in connection with any Proceeding, including the expenses and fees of investigating, of responding to discovery proceedings, of testifying in any hearing, and of consulting with the Company or its advisors and attorneys, and for the reasonable, documented expenses and fees of its experts and legal counsel (unless the Company has elected to assume the defense of the Proceeding) whom Argent engages for any Proceeding.

If Argent seeks payment from the Company to enforce the indemnification or agreement to hold harmless and reimburse pursuant to this paragraph, Argent shall provide the Company all applicable invoices and any supporting documentation as the Company reasonably shall require. Argent shall return to the Company the amount of such indemnification and hold harmless payments and reimbursements that Argent receives if a court of competent jurisdiction, in a final order from which no appeal can be taken (or the parties have agreed to not appeal such decision), determines that Argent is not entitled to indemnification pursuant to the first paragraph of this "Indemnification" section.

## *Miscellaneous*

The Company and Argent agree to enter into and execute either an amendment to the Trust or an amended and restated Trust within ten (10) days following the execution of this Agreement.

This Agreement supersedes all prior written and oral agreements between the parties with respect to its subject matter (including prior engagement letters) and constitutes (along with the documents referred to in this Agreement) a complete and exclusive statement of the terms of the agreement between the parties with respect to its subject matter.

This Agreement may not be amended, except by an instrument in writing signed on behalf of each party hereto. This Agreement constitutes the entire agreement among the parties. No party shall be bound by any communications between them on the subject matter hereto unless such communications are in writing and bear a date contemporaneous with, or subsequent to, the date hereof.

If this Agreement is terminated, the covenants of the Company contained in this letter agreement shall remain in full force and effect before, during, and after any period during which Argent served as trustee for a period of six (6) years following the date of the termination of this

Agreement. Unless otherwise agreed to by the parties, the covenants of the Company shall be binding upon any successors and assigns of the Company.

The purpose of the Agreement is to set forth the general terms the duties and responsibilities of Argent and its remuneration therefore. Argent's actual duties may be governed by additional written agreements, including those that the parties may execute from time to time, and by applicable law and regulations. However, no oral or other agreements of the parties shall be legally binding unless and until such agreements are reduced to writing and the party against whom enforcement thereof is sought executes them and is a party thereto.

In the event a court of competent jurisdiction holds that any part of this Agreement is invalid or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect as if the provisions held invalid or unenforceable were never a part hereof. If a conflict arises between (or among) this Agreement, the Plan and/or the Trust, the parties agree that this Agreement shall control and be binding on Argent and the Company unless such provision violates ERISA, then the Trust first, then the Plan second, shall control and be binding on the parties.

This Agreement shall be governed by the laws of Wisconsin, and venue shall be in a city closest to Appleton, Wisconsin that has a residing federal district court.

If this Agreement meets with your approval, please so indicate by signing and returning one original of this Agreement.

Dated this __26__ day of May 2015.

*ARGENT TRUST COMPANY, N.A.*

By: _____
Stephen Martin, Sr. Vice President


*ACCEPTED AND AGREED TO:*

*APPVION, INC.*

By: _____
Mark Richards, CEO

DB1/ 83258445.7

Paperweight Development Corporation hereby joins into this Agreement on the date hereof:

*PAPERWEIGHT DEVELOPMENT CORPORATION*

By: _____
     Mark Richards, CEO

DB1/ 83258445.7



## Discretionary Trustee Fee Schedule
### FOR EMPLOYEE STOCK OWNERSHIP PLAN

### APPVION, INC. RETIREMENT SAVINGS AND EMPLOYEE STOCK OWNERSHIP TRUST
### May 19, 2015

### Services
- **Trustee** – carry out or cause to carry out the directions and perform the duties in accordance with the terms of the trust agreement.
- **Reporting** – provide certified annual trust accounting reports on plan investments (including transaction and distribution detail) and work with plan auditors.
- **Safeguard Assets** – safeguard plan assets as registered owner of investments.
- **Sponsor Assistance** – provide general trust administrative assistance and guidance to the plan sponsor and plan administrator for matters concerning the trust.
- **Paying Agent** – prepare and disburse benefit payments as needed and perform related tax withholding, remittance and reporting services.

| Annual Asset Charge | |
|---|---|
| Annual Fee – Guaranteed through June 5, 2016. | $200,000 |
| **Other Service Fees** | |
| Participant Distributions via check | $50 each |
| Participant Distributions via wire | $100 each |
| Participant Distributions via ACH | $50 each |
| Trust Distributions via check | $20 each |
| Trust Distributions via wire | $70 each |
| Trust Distributions via ACH | $20 each |
| In-Kind Distributions | $125 per distribution |
| Stop Payments/Void Payments | $50 each |
| Replacement Tax Reporting | $30 per tax form |
| Tax Reporting Corrections | $60 per correction |
| Wires/ACHs – Incoming or Outgoing to/from Argent Trust Company | $50 each |
| Check Deposits | $50 each |
| Sub-accounts | $500 per account |
| Additional Statement Copies | $25 electronic/$50 hard copy |
| Express Mail Delivery Fees and Postage | May be billed at actual cost |
| Special Services Fee | Negotiable |
| On-Site Client Meetings | Travel & Lodging at Cost |
| Termination Fee | $500 flat fee plus transactions |

**IF THE PARTIES HAVE AGREED THAT ARGENT TRUST COMPANY WILL NOT PROVIDE CERTAIN OF THE OTHER SERVICES, THEN NO FEES WILL BE CHARGED FOR THOSE SERVICES.**

### Special Services and Provisions
1. Most standard expenses associated with operating the plan and trust with Argent Trust Company are covered by this fee schedule. Additional fees may be billed at our Special Services Fee rates (see above) if account transactions, excessive consultations or negotiations are required. In that event, related legal fees and out of pocket expenses may also be billed. IRS penalties associated with participant tax form changes, if applicable, will be billed at cost.



## Discretionary Trustee Fee Schedule
### FOR EMPLOYEE STOCK OWNERSHIP PLAN

2. Argent Trust Company will provide custodial services, except to the extent any party other than the Argent Trust Company holds any trust assets. In that case, such other party shall also be considered a Custodian for the trust and its duties shall be described in a separate custodial agreement. Custody of assets such as CDs, GICs, foreign assets, investments not publicly traded (other than employer securities in the ESOP), employer stock (other than employer securities in the ESOP), limited partnerships or other unique assets must be approved in advance and will be priced separately.
3. Fees for services associated with extraordinary corporate events, such as bankruptcies, change of control transactions, litigation, purchases and sales of employer securities and redemptions will be billed at our Special Services Fee rate; related legal fees and out of pocket expenses may also be billed. If not covered by this fee schedule, additional expenses and fees may be billed for special reporting and other extraordinary services the employer, the plan or any agent of the plan requests or requires.
4. All fees will normally be billed monthly.
5. Argent Trust Company may receive as additional compensation earnings (i.e. "float") on amounts the trust receives before such amounts are invested and on amounts held pending distribution from the trust.
6. If Argent Trust Company receives contributions by itself performing an ACH (Automated Clearing House) debit to the employer's bank account, the investment of these contributions will generally occur within 24 hours of the debit. If the employer on its own initiative sends contributions to Argent Trust Company via wire, ACH or check, the investment of these contributions will generally occur within 36 hours of receipt by Argent Trust Company. Argent Trust Company may earn float on contributions received from the date of deposit until the date funds are wired in payment of investment purchases or the settlement date of such purchases if later.

   Generally, Argent Trust Company will wire funds by the close of business on the business day following the availability of such funds as a result of settlements from the sale of investments. Argent Trust Company may also earn float on amounts it holds prior to wiring such funds.

   In the case of participant distribution checks or other trust checks, Argent Trust Company may earn float from the date a check is written until the check is cleared by the bank on which the check is drawn (or in the case of an uncashed check, when such check is returned to Argent Trust Company and the funds are otherwise distributed.) Argent Trust Company will generally write checks by the close of business on the second business day following receipt of both available funds and complete payment instructions. Typically such a check is mailed the same day it is written.

   Argent Trust Company will generally earn float at the rates paid by the depository institutions in which the funds referred to in paragraph 6 are deposited.

   The potential receipt of float income was a consideration in setting the fee schedule.
7. Argent Trust Company may modify this schedule. Such modifications will become effective 30 days subsequent to the mailing date of written notification to the client's last address of record on file.

**If you are in agreement with the terms listed above, please sign below.**

APPROVED:

_____           5 June 2015
Client Signature                          Date