UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ALAN D. HALPERIN AND EUGENE I. DAVIS
AS CO-TRUSTEES OF THE APPVION
LIQUIDATING TRUST,

    Plaintiffs,

v.                                                Case No. 1:19-CV-1561

MARK R. RICHARDS, THOMAS J. FERREE,
TAMI L. VAN STRATEN, JEFFREY J.
FLETCHER, KERRY S. ARENT, STEPHEN P.
CARTER, TERRY M. MURPHY, ANDREW F.
REARDON, KATHI P. SEIFERT, MARK A.
SUWYN, CARL J. LAURINO, DAVID A.
ROBERTS, ARGENT TRUST COMPANY,
STOUT RISIUS ROSS, INC., STOUT RISIUS
ROSS, LLC, JOHN/JANE DOES 1-40,

    Defendants.

## FORMER DIRECTORS' AND OFFICERS'
## MOTION TO DISMISS COUNTS I-IV, VII AND VIII OF
## PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT

Appvion Inc.'s former directors and officers[1] (the "Ds&Os") respectfully move under Federal Rule of Civil Procedure 12(b)(6) for entry of an order dismissing with prejudice Counts I-IV, VII, and VIII of Plaintiffs' Revised Second Amended Complaint ("SAC"). In support of this motion, the Ds&Os state:

---

[1] Mark R. Richards, Thomas J. Ferree, Tami L. Van Straten, Jeffrey J. Fletcher, Kerry S. Arent, Stephen P. Carter, Terry M. Murphy, Andrew F. Reardon, Kathi P. Seifert, Mark A. Suwyn, Carl J. Laurino, and David A. Roberts.

1. Plaintiffs allege the Ds&Os breached their state law fiduciary duties of care and loyalty by artificially inflating company stock held by Appvion's defined contribution plan, an Employee Stock Ownership Plan ("ESOP"), and breached state dividend laws by mishandling intercompany loans and relationships related to the ESOP's stock repurchase obligations.

2. For the reasons set out more fully in the accompanying memorandum, the Court should dismiss with prejudice Counts I-IV, VII, and VIII against the Ds&Os because they are preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

3. ERISA Section 514(a) preempts any state laws that "relate to" any employee benefit plan. 29 U.S.C. § 1144(a). Congress incorporated board preemptive language into ERISA to effectuate its goal of creating a "uniform regulatory regime over employee benefit plans." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004). Plaintiffs' claims are preempted because they impede Congress' goal and satisfy each of the three factors that courts examine when considering whether ERISA preempts a state law claim.

4. *First*, ERISA preempts Plaintiffs' claims because they rely on the existence of the ERISA-governed ESOP. State law claims are preempted when they are grounded in duties that exist because of the presence of an ERISA-governed plan. *See Anderson v. Humana, Inc.*, 24 F.3d 889, 892 (7th Cir. 1994); *Briscoe v. Fine*, 444 F.3d 478, 482 (6th Cir. 2006); *Miceli v. Aetna Life Ins. Co.*, No. 05-CV-4846, 2006 WL 533369, at *1 (N.D. Ill. Mar. 1, 2006). Plaintiffs' claims center on their dissatisfaction with how stock held by the ESOP was valued. However, the valuation of ESOP-held stock is governed by ERISA's fiduciary standards. Plaintiffs' claims could not be stated in the absence of the ESOP and are therefore preempted.

4. *Second*, Plaintiffs' claims are preempted because they require examination of the ESOP's provisions. *See Collins v. Ralston Purina Co.*, 147 F.3d 592, 595 (7th Cir. 1998) (holding

that claims are preempted when they require the examination or interpretation of governing plan provisions); *accord Winters v. UNUM Life Ins. Co. of Am.*, 232 F. Supp. 2d 918, 921 (W.D. Wis. 2002). Plaintiffs' SAC patently acknowledges the importance of the ESOP's governing documents and their application to the stock valuations that form the basis of their complaint. Because this Court would be required to interpret or apply the ESOP's terms, Plaintiffs' claims against the Ds&Os should be dismissed.

5. ***Third***, Plaintiffs' claims are preempted because they are an impermissible attempt to supplement ERISA's civil enforcement scheme with state law remedies. *Davila*, 502 U.S. at 200-01 (claims are preempted if they "duplicate[], supplement[], or supplant[] ERISA's civil enforcement remedy"); *accord Pilot Life Ins. CO. v. Dedeaux*, 481 U.S. 41, 54 (1987). Plaintiffs have no standing to bring ERISA claims, however, Plaintiffs seek relief for the same conduct that forms the alleged basis of ERISA claims asserted by another plaintiff before this Court who *does* have standing under ERISA – Grant Lyon, the current ERISA fiduciary of the ESOP. *See Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan v. Buth et al.,* Case No. 18-CV-1861, (E.D. Wis. filed Nov. 26, 2018). Plaintiffs' attempt to seek relief under state law for what are essentially ERISA claims is impermissible.

6. Thus, Plaintiffs have failed to adequately assert a claim against the Ds&Os.

WHEREFORE, for the foregoing reasons, and those stated in the accompanying memorandum of law, the Ds&Os respectfully request that this Court dismiss Counts I-IV, VII, and VIII with prejudice.

Dated: December 16, 2019

Respectfully submitted,

/s/ *Craig C. Martin*
Craig C. Martin
David Jimenez-Ekman
Michael T. Graham
Caroline L. Meneau
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-8542
Facsimile: (312) 527-0484
Email: cmartin@jenner.com
djimenez-ekman@jenner.com
mgraham@jenner.com
cmeneau@jenner.com

*Attorneys for Former D&O Defendants*