UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ALAN D. HALPERIN AND EUGENE I. DAVIS
AS CO-TRUSTEES OF THE APPVION
LIQUIDATING TRUST,

    Plaintiffs,

v.                                        Case No. 1:19-CV-1561

MARK R. RICHARDS, THOMAS J. FERREE,
TAMI L. VAN STRATEN, JEFFREY J.
FLETCHER, KERRY S. ARENT, STEPHEN P.
CARTER, TERRY M. MURPHY, ANDREW F.
REARDON, KATHI P. SEIFERT, MARK A.
SUWYN, CARL J. LAURINO, DAVID A.
ROBERTS, ARGENT TRUST COMPANY,
STOUT RISIUS ROSS, INC., STOUT RISIUS
ROSS, LLC, JOHN/JANE DOES 1-40,

    Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF THE FORMER APPVION
INC. DIRECTORS' AND OFFICERS' MOTION TO DISMISS COUNTS I-IV,
VII AND VIII OF PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT**

---

Craig C. Martin
David Jimenez-Ekman
Michael T. Graham
Caroline L. Meneau
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email: cmartin@jenner.com
djimenez-ekman@jenner.com
mgraham@jenner.com
cmeneau@jenner.com

*Attorneys for Former D&O Defendants*                        Dated: December 16, 2019

## TABLE OF CONTENTS

INTRODUCTION. ..........................................................................................................................1

FACTUAL BACKGROUND. .....................................................................................................2

      A.      The ERISA-Covered Appvion ESOP. ..................................................................2

      B.      Summary Of Allegations Against The Former Directors And Officers. .................3

      C.      The ERISA Action Regarding The Same Subject Matter. ......................................4

ARGUMENT. ................................................................................................................................5

I.      ERISA Preempts Plaintiffs' Claims Because They "Relate To" The ERISA-Governed ESOP. ..................................................................................................................................6

      A.      Plaintiffs' Claims Rely On The Existence Of The ERISA-Governed ESOP. ........................................................................................................................8

      B.      Plaintiffs' Claims Require Examination Of The ESOP's Provisions. .....................9

      C.      Plaintiffs' Claims Would Supplement ERISA's Civil Enforcement Scheme With State Law Remedies. ..........................................................................10

II.     Plaintiffs Lack Standing To Pursue ERISA Claims, Which Are Being Brought By Another Plaintiff Before This Court Who Has Standing. ....................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aetna Health, Inc. v. Davila*,
   542 U.S. 200 (2004)..........................................................................................6, 7, 10

*Anderson v. Humana, Inc.*,
   24 F.3d 889 (7th Cir. 1994) ......................................................................................6, 9

*Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan v. Buth et al.*, Case No. 18-CV-1861 (E.D. Wis. filed Nov. 26, 2018).......................................4

*Arndt v. AON Hewitt Benefit Payment Servs., LLC*,
   No. 15-CV-750, 2015 WL 7313392 (E.D. Wis. Nov. 19, 2015).............................11

*Briscoe v. Fine*,
   444 F.3d 478 (6th Cir. 2006) .....................................................................................7

*Carter v. Honeywell Int'l, Inc.*,
   No. 3:07-CV-512, 2009 WL 2750255 (N.D. Ind. Aug. 25, 2009) .........................12

*Collins v. Ralston Purina Co.*,
   147 F.3d 592 (7th Cir. 1998) .................................................................................7, 10

*Donovan v. Cunningham*,
   716 F.2d 1455 (5th Cir. 1983) ...............................................................................8, 9

*Elec. Constr. Indus. Prefunding Credit Reimbursement Program v. Veterans Elec., LLC*,
   941 F.3d 311 (7th Cir. 2019) ...................................................................................12

*Estate of Bain v. Transamerica Life Ins. Co.*,
   No. 18-CV-311, 2018 WL 3328005 (E.D. Wis. July 6, 2018) .................................3

*Haasl v. Leach Co.*,
   No. 02-CV-1184, 2004 WL 1584128 (E.D. Wis. Feb. 17, 2004).....................10, 11

*Harms v. Cavenham Forest Indus., Inc.*,
   984 F.2d 686 (5th Cir. 1993) ...................................................................................14

*Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.*,
   530 U.S. 238 (2000)..................................................................................................13

*In re Carpenter*,
   245 B.R. 39 (Bankr. E.D. Va. 2000).......................................................................14

*Ingersoll-Rand Co. v. McClendon*,
    498 U.S. 133 (1990) ......................................................................................................6, 11

*Jackson v. Kroch's & Brentano's, Inc.*,
    No. 93-CV-1333, 1993 WL 243295 (N.D. Ill. June 30, 1993) ............................................9, 10

*Keach v. U.S. Trust Co. N.A.*,
    313 F. Supp. 2d 818 (C.D. Ill. 2004) ......................................................................................8, 9

*Le Gros Enter., LLC v. Wis. Hous. & Econ. Dev. Auth., Julian Castro*,
    No. 16-CV-0568, 2016 WL 5921819 (E.D. Wis. Oct. 11, 2016) ..............................................3

*Loffredo v. Daimler AG*,
    No. 10-CV-14181, 2011 WL 2262389 (E.D. Mich. June 6, 2011) .........................................11

*Mass. Mut. Life Ins. Co. v. Russell*,
    473 U.S. 134 (1985) ...........................................................................................................13, 14

*Mennenoh v. UNUM Life Ins. Co. of Am.*,
    No. 02-CV-567, 2003 WL 21359587 (W.D. Wis. Apr. 1, 2003) ...............................................7

*Miceli v. Aetna Life Ins. Co.*,
    No. 05-CV-4846, 2006 WL 533369 (N.D. Ill. Mar. 1, 2006) .................................................7, 9

*Neil v. Zell*,
    677 F. Supp. 2d 1010 (N.D. Ill. 2009) .......................................................................................8

*Peterson v. Petry*,
    No. 06-CV-2072, 2006 WL 2460760 (C.D. Ill. Aug. 23, 2006) ..............................................12

*Pilot Life Ins. Co. v. Dedeaux*,
    481 U.S. 41 (1987) .................................................................................................................6, 7

*Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*,
    201 F.3d 1212 (9th Cir. 2000) .................................................................................................12

*Supervisors & Foreman's Union Local No. 1001 v. Laborers' Pension Fund*,
    240 F. Supp. 2d 827 (N.D. Ill. 2003) .......................................................................................14

*Teamsters Local Union No. 705 v. Burlington N. Santa Fe, LLC*,
    741 F.3d 819 (7th Cir. 2014) .....................................................................................................6

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996) .................................................................................................................13

*Venture Assocs. Corp. v. Zenith Data Sys. Corp.*,
    987 F.2d 429 (7th Cir. 1993) .....................................................................................................3

*Watkins v. United States*,
    854 F.3d 947 (7th Cir. 2017) ..................................................................................4

*Winters v. UNUM Life Ins. Co. of Am.*,
    232 F. Supp. 2d 918 (W.D. Wis. 2002) ...................................................................7

**STATUTES**

29 U.S.C. § 1002, ERISA § 3 ...........................................................................................8, 9

29 U.S.C. § 1104(a), ERISA § 404(a) ...........................................................................11, 12

29 U.S.C. § 1106, ERISA § 406 ...............................................................................8, 12, 13

29 U.S.C. § 1108(e)(1), ERISA § 408(e)(1) .......................................................................8

29 U.S.C. § 1109, ERISA § 409 .................................................................................13, 14

29 U.S.C. § 1132(a), ERISA § 502(a) ............................................................................6, 13

29 U.S.C. § 1144, ERISA § 514 .....................................................................................1, 6

# INTRODUCTION

The Court should dismiss Plaintiffs' transferred state law claims against Appvion Inc.'s former directors and officers (the "Ds&Os") because they are preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Plaintiffs allege that the Ds&Os artificially inflated company stock held by Appvion's employee stock ownership plan ("ESOP") and mishandled intercompany loans and relationships related to the ESOP's stock repurchase obligations.[1] Because Plaintiffs have no standing to bring claims under ERISA, they instead assert state-law claims for alleged breach of fiduciary duties (Counts I-IV) and breach of state dividend laws (Counts VII-VIII).

But ERISA preempts these state law claims. ERISA Section 514(a) preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a), ERISA § 514(a). In applying the "relat[ed] to" standard, courts look at three factors: (1) whether the plaintiff's claims depend on the existence of an ERISA-covered plan, (2) whether the claims require the Court to interpret or apply the covered plan's terms, and (3) whether the relief sought impermissibly overlaps with ERISA's civil enforcement mechanism. Here, Plaintiffs' claims are preempted because their allegations satisfy each of these factors. The claims all spring from dealings with the ESOP, and therefore depend on an ERISA-governed plan. The Court will have to interpret various ESOP provisions to adjudicate Plaintiffs' claims. And, strikingly, Plaintiffs seek relief for the same conduct that forms the alleged basis for ERISA claims asserted by another plaintiff before this Court who does have standing under ERISA—Grant Lyon,

---

[1] As this Court is aware, Plaintiffs originally brought suit in the United States Bankruptcy Court for the District of Delaware as an adversary proceeding alleging violations of common law and Delaware state law, as well as bankruptcy-related preference claims (Counts IX and XIV to XVIII). *See* Adversary Proceeding No. 18-50955, Delaware Adv. D.I. 1. All of Plaintiffs' claims against the Ds&Os, except the avoidable preference claims, have been transferred to this Court following defendants' motion to transfer. (Dkt. No. 1–1 at 35; Dkt. No. 1–2 at 1-2.)

the current ERISA fiduciary of the ESOP. Plaintiffs' claims all "relate to" the ESOP, an ERISA-governed benefit plan, and should therefore be dismissed with prejudice.

## FACTUAL BACKGROUND

### A. The ERISA-Covered Appvion ESOP.

Prior to 2001, Appvion offered its employees a traditional Section 401(k) retirement plan. In 2001, Appvion amended its Section 401(k) plan to include an ESOP component. (Plan Doc., Intro., Ex. A at 1.[2]) An ESOP is an ERISA-governed retirement benefit plan designed to invest primarily in the sponsoring employer's securities, in this case Appvion. ESOPs are intended to operate both as a retirement plan and as a way to allow for employee ownership of companies. Because Appvion did not entirely remove its Section 401(k) plan, its retirement plan became what is known as a "KSOP," which is a hybrid of a Section 401(k) retirement plan and an ESOP. (*Id.*) Through the KSOP, employees could own PDC equity shares by deferring a percentage of their pay to the ESOP component. (SAC ¶ 81.) Employees also had the option to defer pay to be invested in the Section 401(k) fund, or a combination of the 401(k) fund and the ESOP. (*Id.*) It is the ESOP component of Appvion's retirement plan that is the focus of Plaintiffs' lawsuit.

The ESOP was created pursuant to its plan and trust documents, which outline the powers of the different entities charged with administering the ERISA-governed ESOP. (*See* generally Plan Doc., Ex. A; Trust Doc., Ex. B.) The entities charged with administering the ESOP included the ESOP Trustee and the ESOP Committee. Employees who deferred pay to obtain company

---

[2] The Court may consider the Plan and Trust documents because they are referred to in the SAC and are central to Plaintiffs' claims. (*See* SAC ¶¶ 81-111.) Documents attached to a motion to dismiss may be considered part of the pleading if they are referenced in the plaintiff's complaint and are central to the claims. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *Estate of Bain v. Transamerica Life Ins. Co.*, No. 18-CV-311, 2018 WL 3328005 at *1 (E.D. Wis. July 6, 2018) (Griesbach, J.); *Le Gros Enter., LLC v. Wis. Hous. & Econ. Dev. Auth., Julian Castro*, No. 16-cv-0568, 2016 WL 5921819, at *1 (E.D. Wis. Oct. 11, 2016) (Griesbach, J.).

stock of Paperweight Development Corporation ("PDC")[3] were allocated shares in their ESOP accounts. (Plan Doc. § 6.9(a)(1), Ex. A.) The ESOP Trustee, in turn, was empowered to determine the company stock's fair market value, and to make payments from the Trust to participants at times directed by the ESOP Committee. (Trust Doc. § 2.6, Ex. B.) Under the ESOP's terms, when an employee requests a distribution, the PDC stock in their account is required to be "put" to PDC, which then repurchases the PDC stock from the employee for cash. (Plan Doc. § 6.14, Ex. A.) Because PDC did not have assets of its own, Appvion would loan PDC funds sufficient to meet its repurchase obligations under the ESOP. (SAC ¶ 133.)

### B. Summary Of Allegations Against The Former Directors And Officers.

Plaintiffs' claims here all allegedly arise from the Ds&Os' conduct with respect to the ESOP. Plaintiffs are the Liquidating Trust trustees in Appvion's bankruptcy action—that is, they are able to pursue certain claims that belonged to the Debtors and the Estate in the bankruptcy. (*Id.* ¶¶ 21, 23, 364-65.) Plaintiffs allege claims against sixteen named defendants, including the Ds&Os, Argent Trust Company (as ESOP Trustee), and Stout Risius Ross (as an ESOP financial advisor). All of the Ds&Os were either directors or officers (or employees who reported to officers) of the Debtors (Appvion, Inc. and PDC) during the past decade. (*Id.* ¶¶ 23-39.) Some of the Ds&Os also served on the ESOP Committee, which was established by the ESOP's governing plan document and was the ESOP's named fiduciary with discretionary authority over plan assets. (*Id.* ¶¶ 24-27, 36, 97; Plan Doc. §§ 8.1(a), 8.2(a)(2), Ex. A.)

Plaintiffs allege the Ds&Os breached their fiduciary duties by misrepresenting PDC's stock value, used in transactions with the ESOP, in order to enrich themselves as the Company collapsed, thereby injuring the ESOP and its participants. (SAC ¶¶ 1-10.) Plaintiffs also allege the Ds&Os

---

[3] PDC is the ultimate parent corporation of Appvion. (SAC ¶ 73.)

- 3 -
Case 1:19-cv-01561-WCG   Filed 12/16/19   Page 8 of 20   Document 24

overvalued the PDC stock the ESOP held because doing so increased their incentive-based compensation and permitted them to cash out personal holdings at inflated prices. (*Id.* ¶¶ 3, 6-8.) Plaintiffs assert that the Ds&Os breached their fiduciary duties by mismanaging the relationship between PDC and Appvion, and improperly forgiving intercompany debt related to the ESOP's repurchase obligations. (*Id.* ¶¶ 17-18.) Plaintiffs further contend that the ESOP Committee improperly ratified the purported overvaluations and was complicit in inflating PDC's stock value. (*Id.* ¶¶ 348-58, 409.)

### C. The ERISA Action Regarding The Same Subject Matter.

Four days before the original Adversary Complaint was filed in the Delaware Bankruptcy Court, the ESOP's remaining named fiduciary filed in this Court a complaint alleging ERISA-based fiduciary breach and prohibited transaction claims based on substantially the same purported misconduct as Plaintiffs here allege. *See Appvion, Inc. Retirement Savings and Employee Stock Ownership Plan v. Buth et al.,* Case No. 18-cv-1861, (E.D. Wis. filed Nov. 26, 2018) (the "ESOP Committee Litigation").[4] In that case, the ESOP Committee's now-amended complaint (the "ERISA FAC") names as defendants (among others) twelve of the sixteen defendants named here and asserts many of the same causes of action Plaintiffs allege. The central difference between the SAC and the ERISA FAC is that the ESOP Committee's complaint includes claims styled as ERISA claims that rely on ERISA's codified fiduciary requirements, while Plaintiffs' SAC attempts to plead almost identical claims under state law.

For example, like Plaintiffs here, the ESOP Committee asserts in the ESOP Committee Litigation that:

---

[4] This Court may take judicial notice of the ESOP Committee's complaint filed in the ESOP Committee Litigation pending in this Court. *Watkins v. United States*, 854 F.3d 947, 950 (7th Cir. 2017).

- Appvion's directors and officers breached their fiduciary duties by failing to ensure that PDC's stock valuations were at fair market value and benefited from artificially high stock prices. (*Compare* ERISA FAC, Count III (ERISA fiduciary breach against directors and officers), ¶¶ 566, 571 *with* SAC, Count I (breach of common law fiduciary duties), ¶¶ 394-95.)

- The ESOP Committee breached its fiduciary duties by substantially contributing to the overvaluation of company stock and either knew or should have known that the valuations were fundamentally flawed. (*Compare* ERISA FAC, Count II (ERISA fiduciary breach against the ESOP Committee), ¶¶ 541, 556 *with* SAC, Count IV (aiding and abetting fiduciary breach against the ESOP Committee), ¶¶ 408-10.)

- Appvion's directors and officers engaged in prohibited transactions by arranging for Appvion to loan cash to PDC to fund the ESOP's repurchase obligations. (*Compare* ERISA FAC, Count IV (engaging in ERISA prohibited transactions), ¶¶ 580, 588 *with* SAC Counts II-III, VII-VIII (breaches of fiduciary duties and illegal dividends), ¶¶ 400-01, 404-06, 421-23, 429-33.)

The similar causes of action under different legal theories—ERISA versus state law—are also based on the same underlying conduct alleged throughout both complaints. The ESOP Committee, like Plaintiffs, alleges that:

- PDC's stock value was improperly inflated from the ESOP's adoption in 2001 through Appvion's bankruptcy filing in 2017. (*Compare* ERISA FAC ¶¶ 1, 4, 31, 38-39, 41 *with* SAC ¶¶ 3-7.)

- PDC's stock valuations repeatedly failed to take into account certain executive compensation and other corporate debt. (*Compare* ERISA FAC ¶¶ 27, 44 *with* SAC ¶¶ 14-19.)

- Appvion's executive compensation structure drove the ESOP's Trustee to mis-value PDC's stock. (*Compare* ERISA FAC ¶¶ 34-36, 42, 54 *with* SAC ¶¶ 118-24.)

- There were improprieties in intercompany loans between Appvion and PDC, which wholly owned Appvion, Inc. as a subsidiary. (*Compare* ERISA FAC ¶¶ 168, 335-37 *with* SAC ¶¶ 18, 96, 113-17.)

## ARGUMENT

**I. ERISA Preempts Plaintiffs' Claims Because They "Relate To" The ERISA-Governed ESOP.**

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144, ERISA § 514. Congress incorporated this broad preemptive language into ERISA to effectuate its goal of creating "a uniform regulatory regime over employee benefit plans." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004). Congress also incorporated a carefully considered civil enforcement provision that allows only certain entities to sue for explicitly enumerated conduct. *Teamsters Local Union No. 705 v. Burlington N. Santa Fe, LLC*, 741 F.3d 819, 826 (7th Cir. 2014); 29 U.S.C. § 1132(a), ERISA § 502(a).

The uniformity that preemption provides is important. The uniform civil enforcement scheme entices employers to "offer benefits by assuring a predictable set of liabilities, under uniform standards of primary conduct." *Teamsters*, 741 F.3d at 826 (quoting *Rush Prudential HMO, Inc. v. Moran,* 536 U.S. 355, 379 (2002)). ERISA's comprehensive civil enforcement scheme is therefore the exclusive means for remedying conduct that comes within the ERISA statute, that is, conduct that "relate[s] to" an employee benefit plan. *Id.* at 825; *see also Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990) ("[A] carefully integrated civil enforcement scheme . . . is one of the essential tools for accomplishing the stated purposes of ERISA.") (quotations omitted); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) ("ERISA's civil enforcement remedies were intended to be exclusive.").

Courts look at three overlapping factors in determining whether claims satisfy the "relat[ed] to" test in ERISA and are therefore preempted. ***First***, claims are preempted if they are grounded in duties that exist because of the presence of an ERISA-governed plan. *See Anderson v. Humana, Inc.*, 24 F.3d 889, 892 (7th Cir. 1994) ("[Plaintiff's] effort to obtain damages under

state law for statements that relate to—indeed, are integral to—a medical benefits package regulated under ERISA is doomed."); *Briscoe v. Fine*, 444 F.3d 478, 482 (6th Cir. 2006) (state law claim preempted where allegations were not based on legal duties "independent of ERISA"); *Miceli v. Aetna Life Ins. Co.*, No. 05-CV-4846, 2006 WL 533369, at *1 (N.D. Ill. Mar. 1, 2006) ("If the existence of an ERISA plan is a critical factor in establishing liability under state law, the state law claim relates to an ERISA plan and is preempted"). **Second**, claims are preempted if they require the examination or interpretation of governing plan provisions. *Collins v. Ralston Purina Co.*, 147 F.3d 592, 595 (7th Cir. 1998); *accord Winters v. UNUM Life Ins. Co. of Am.*, 232 F. Supp. 2d 918, 921 (W.D. Wis. 2002) (breach of contract claim preempted because it was based on terms of plan document). **Third**, claims are preempted if they "duplicate[], supplement[], or supplant[] ERISA's civil enforcement remedy." *Davila*, 542 U.S. at 200-01; *Pilot Life Ins. Co.*, 481 U.S. at 54 ("The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if [plaintiffs] were free to obtain remedies under state law that Congress rejected in ERISA"); *Mennenoh v. UNUM Life Ins. Co. of Am.*, No. 02-CV-567, 2003 WL 21359587, at *2 (W.D. Wis. Apr. 1, 2003) (actions that serve as a "alternative enforcement mechanism" are preempted).

Here, Plaintiffs' claims are squarely preempted because they satisfy all three of these factors: (i) they depend on the existence of the Appvion ESOP; (ii) they require the interpretation of the ESOP's terms to resolve; and (iii) they attempt to supplement the remedies provided by ERISA for substantially the same conduct, remedies which are being pursued by another plaintiff before this Court.

### A. Plaintiffs' Claims Rely On The Existence Of The ERISA-Governed ESOP.

An ESOP is an employee benefit plan "designed to invest primarily in qualifying employer securities." *Keach v. U.S. Trust Co. N.A.*, 313 F. Supp. 2d 818, 863 (C.D. Ill. 2004) (quoting 29

U.S.C. § 1107(d)(6)(A), ERISA § 407(d)(6)(A)), *affd sub nom. Keach v. U.S. Trust Co.*, 419 F.3d 626 (7th Cir. 2005). Under normal circumstances, a benefit plan's investment in employer securities is a per se violation of ERISA. *See* 29 U.S.C. § 1106, ERISA § 406 (listing per se prohibited transaction violations under ERISA). However, ESOPs are exempt from such prohibitions so long as employee stock is purchased for "adequate consideration,"[5] 29 U.S.C. § 1108(e)(1), ERISA § 408(e)(1), which is defined as "the fair market value of the asset as determined in good faith by the trustee or named fiduciary." 29 U.S.C. § 1002, ERISA § 3; *see generally Donovan*, 716 F.2d at 1466 (outlining fiduciaries' responsibilities with respect to ESOPs and stock valuations). Accordingly, valuations are an integral part of an ESOP's maintenance and are governed by ERISA's fiduciary standards. *Donovan*, 716 F.2d at 1473 (analyzing ERISA fiduciary breach claim against directors based on their duties with respect to valuations); *Keach*, 313 F. Supp. 2d at 864 (same).

Here, the crux of Plaintiffs' claims is that the Ds&Os "artificially and materially inflated" the value of PDC stock by either intentionally providing inaccurate information to the ESOP's valuation firms or knowing that stock was being overvalued and doing nothing to stop it. (SAC ¶¶ 1, 3-5, 393-95, 401, 404, 409, 422-425, 431-33.) But ERISA governs any duties the Ds&Os had with respect to ensuring that valuations were accurate so that the ESOP's purchase of company stock, and participant distributions, were fair. *Donovan*, 716 F.2d at 1473; *Keach*, 313 F. Supp. 2d at 864. Indeed, Plaintiffs' claims cannot be stated in the absence of the ESOP's existence, and therefore rely on the existence of the ERISA-governed ESOP. As such, Plaintiffs' claims are

---

[5] "Congress intended ESOPs to serve . . . as both 'an employee retirement benefit plan and a technique of corporate finance that would encourage employee ownership.'" *Neil v. Zell*, 677 F. Supp. 2d 1010, 1016 (N.D. Ill. 2009), *as amended* (Mar. 11, 2010) (quoting *Martin v. Feilen,* 965 F.2d 660, 664 (8th Cir.1992)). Congress has encouraged the creation of ESOPs "by passing legislation granting such plans favorable treatment." *Donovan v. Cunningham*, 716 F.2d 1455, 1466 (5th Cir. 1983) (citing specific laws).

- 8 -
Case 1:19-cv-01561-WCG   Filed 12/16/19   Page 13 of 20   Document 24

preempted and must be dismissed. *See Anderson*, 24 F.3d at 892 (7th Cir. 1994) (state law claims for statements that related to benefits package regulated under ERISA were preempted); *Miceli*, 2006 WL 533369, at *1-2 (dismissing breach of fiduciary duty claim where the "existence of an ERISA plan [was] a critical factor in establishing liability"); *Jackson v. Kroch's & Brentano's, Inc.*, No. 93-CV-1333, 1993 WL 243295, at *6 (N.D. Ill. June 30, 1993) (dismissing state law claim where "allegations clearly demonstrate[d] a connection with . . . [an] ERISA-regulated ESOP plan.").

### B. Plaintiffs' Claims Require Examination Of The ESOP's Provisions.

The Court will also have to delve into the ESOP's provisions in order to resolve Plaintiffs' claims. The valuations at the center of the alleged misconduct are required by, and covered by, the Plan's governing documents. (*See* Plan Doc., Ex. A § 6.9(3) ("[Fair market value] shall be determined . . . in accordance with the terms of the Trust and the provisions of Section 3(18) of ERISA)"; Trust Doc., Ex. B § 2.9 (requiring the ESOP Committee to "assist the Trustee in obtaining information necessary for the firm . . . performing the valuation of the Company Stock.").) Plaintiffs' SAC patently depends on the ESOP's and the Plan documents' existence. (*See* SAC ¶ 89 ("the ESOP required the ESOP Trustee to secure a determination of the [fair market value]"); *id.* ¶ 103 (citing Stout engagement letter defining fair market value "in accordance with [ERISA]"); *id.* ¶ 90 (quoting from the "Appvion ESOP Guide" to outline the meaning of "fair market value").) These claims are therefore governed by ERISA and preempted because they require the Court to "interpret or apply the terms of an employee benefit plan." *Collins*, 147 F.3d at 595; *see also Haasl v. Leach Co.*, No. 02-CV-1184, 2004 WL 1584128, at *6 (E.D. Wis. Feb. 17, 2004) (Griesbach, J.) (claim preempted because it required examination of plan documents); *Jackson*, 1993 WL 243295, at *6 (defamation claim preempted where it would "necessarily involve an examination of the ESOP.").

Plaintiffs' claims against the Ds&Os who were ESOP Committee members buttress this necessary conclusion. The ESOP Committee's actions were related to the ESOP's administration, and its authority derived from the ESOP's governing plan documents. (*See* Plan Doc., Ex. A § 8.1 (authorizing creation of ESOP Committee); *id.* § 8.2 (designating the ESOP Committee as a named ERISA fiduciary); *id.* § 8.8(a)(1) (outlining ESOP Committee powers and stating that it shall "establish funding and investment policies and methods that satisfy the requirements of ERISA").) In other words, the ESOP Committee would not exist if it were not for its creation in the ESOP's governing documents. Therefore, determination of whether the Ds&Os or the ESOP Committee members inappropriately overvalued or contributed to overvaluation of PDC stock and impacted ESOP repurchase obligations requires examination of the ESOP's governing provisions. As such, ERISA preempts Plaintiffs' claims in Counts I-IV, VII and VIII. *Collins*, 147 F.3d at 595; *Haasl*, 2004 WL 1584128, at *6; *Jackson*, 1993 WL 243295, at *6.

### C. Plaintiffs' Claims Would Supplement ERISA's Civil Enforcement Scheme With State Law Remedies.

Any attempt to supplement, duplicate, or supplant ERISA's enumerated prohibited conduct obstructs Congress' aim to provide a uniform and predictable regulatory scheme for the administration of benefit plans. *Davila*, 542 U.S. at 208-09. State law causes of action that supplement ERISA are preempted even if: (1) they are "consistent with ERISA's substantive requirements," *Ingersoll-Rand Co.*, 498 U.S. at 139, (2) the plaintiff is not seeking benefits on behalf of plan participants or the plan, *Arndt v. AON Hewitt Benefit Payment Servs., LLC*, No. 15-CV-750, 2015 WL 7313392, at *2 (E.D. Wis. Nov. 19, 2015) (Griesbach, J.), or (3) the defendants were not acting as fiduciaries at the time of the alleged misconduct, *Loffredo v. Daimler AG*, No. 10-CV-14181, 2011 WL 2262389, at *6 (E.D. Mich. June 6, 2011), *aff'd in part, rev'd in part*, 500 F. App'x 491 (6th Cir. 2012). Indeed, whether a state law claim is preempted turns on the facts

- 10 -
Case 1:19-cv-01561-WCG   Filed 12/16/19   Page 15 of 20   Document 24

underlying the claim, not "any legal titles [a plaintiff] might ascribe to them." *Haasl*, 2004 WL 1584128, at *6. Here, Plaintiffs' are pursuing state law claims that seek relief for substantially the same alleged misconduct that the ESOP Committee contends is an ERISA violation, necessarily attempting to improperly supplement, duplicate, and supplant ERISA's uniform remedy.

Plaintiffs have previously resisted preemption with the notion that they are pleading their claims based on separate legal duties corporate defendants owe to companies in general. (Adversary Proceeding No. 18-50955, Delaware Adv. D.I. 1, (Dkt. No. 77 at 23-26).) But the ESOP Committee Litigation gives the lie to this notion. In the sister suit this Court is already considering, the plaintiff brings five ERISA claims against these defendants (and others), the Ds&Os, based on substantially the same conduct at issue here. *See Buth et al.,* Case No. 18-CV-1861.

Indeed, each of Plaintiffs' state law counts against the Ds&Os here can be—and ***has been***, in the sister litigation—brought as an ERISA violation. In Count I, Plaintiffs allege that the Ds&Os breached their fiduciary duties by contributing to the overvaluation of PDC's stock. (SAC ¶ 393.) As explained above, the ESOP's terms and ERISA's fiduciary requirements govern these valuations. Plaintiffs' common law breach of fiduciary duty claim is just a fiduciary breach claim under ERISA Section 404(a). *See* 29 U.S.C. § 1104(a). Plaintiffs' Count IV claim against the ESOP Committee members for aiding and abetting the other Ds&Os in their alleged overvaluation scheme (SAC ¶ 410) is likewise an attempt to enforce ERISA's fiduciary requirements under Section 404(a). *See id.* Finally, Plaintiffs' claims regarding Appvion's extension of credit and forgiveness of the Intercompany Note (Counts II-III and VII-VIII) equate to ERISA prohibited transaction allegations under ERISA Section 406 because they are based on the Ds&Os' interest in the ESOP as participants. *See* 29 U.S.C. § 1106. Such double-dipping is often a clear sign that

the state law claims are preempted. *Carter v. Honeywell Int'l, Inc.*, No. 3:07-CV-512, 2009 WL 2750255, at *2 (N.D. Ind. Aug. 25, 2009) (dismissing state law claims where they "concerned the same conduct that form[ed] the basis of [plaintiff's] ERISA claim"); *Peterson v. Petry*, No. 06-CV-2072, 2006 WL 2460760, at *4 (C.D. Ill. Aug. 23, 2006) (dismissing state law claim that duplicated ERISA claim).

Plaintiffs' claims also demonstrate the problem with trying to inject state law requirements into an ERISA-governed plan's administration. Plaintiffs' complain that the alleged forgiveness of the Intercompany Note and extension of credit to the ESOP were fiduciary breaches against the company. (SAC ¶¶ 17-18, 96, 113-17.) However, the duties the Ds&Os owed the ESOP and its participants, to make sure the ESOP could meet its funding and repurchase obligations, authorized those actions. *See Elec. Constr. Indus. Prefunding Credit Reimbursement Program v. Veterans Elec., LLC*, 941 F.3d 311, 314 (7th Cir. 2019) (one of the duties that ERISA imposes upon fiduciaries is to take action to ensure that "a plan receives all funds to which it is entitled"), *reh'g and suggestion for reh'g en banc denied* (Nov. 27, 2019). To hold the Ds&Os liable under state law for actions taken pursuant to their duties to the ESOP epitomizes the situation that Congress hoped to avoid by injecting inconsistency and holding plan fiduciaries to conflicting duties. *See Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1217 (9th Cir.) (claims are preempted if they bind fiduciaries "to particular choices or preclude uniform administrative practice") (quotation omitted), *opinion amended on denial of reh'g*, 208 F.3d 1170 (9th Cir. 2000). Because Plaintiffs' claims insert state regulation into the ESOP's administration, they must be dismissed.

## II. Plaintiffs Lack Standing To Pursue ERISA Claims, Which Are Being Brought By Another Plaintiff Before This Court Who Has Standing.

Plaintiffs' pleading of their claims under state law, rather than under ERISA, is not accidental or a mere pleading defect that can be cured by amendment. Plaintiffs have not brought ERISA claims because they cannot—they lack standing under ERISA.

To state cognizable ERISA claims for fiduciary breach or a prohibited transaction, Plaintiffs would have had to bring their claims under ERISA Sections 502(a)(2) or 502(a)(3). *See* 29 U.S.C. § 1132(a)(2), (a)(3) (permits redress for fiduciary breaches under ERISA Section 409); *Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000) (finding ERISA Section 502(a)(3) allows remedy for a prohibited transaction under ERISA Section 406(a)). Under ERISA Sections 502(a)(2) and 503(a)(3), only plan participants, plan beneficiaries and plan fiduciaries have standing.[6] 29 U.S.C. § 1132(a)(2), (a)(3); *Varity Corp. v. Howe*, 516 U.S. 489, 507-08 (1996). Further, only the plan and its participants may recover for losses that occur because of a fiduciary breach. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985); *see also* 29 U.S.C. § 1109, ERISA § 409 (plan fiduciaries are liable to the plan for "losses to the plan resulting from [fiduciary] breach"). This is because ERISA's drafters "were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan." *Mass. Mut.*, 473 U.S. at 142. "Congress did not intend [ERISA Section 409] to authorize any relief except for the plan itself." *Id.* at 144.

Here, Plaintiffs do not allege that they are ERISA participants, beneficiaries or fiduciaries under the ESOP. Nor could they, as they never held any role related to the ESOP or its administration and do not seek to recover ESOP benefits for plan participants or beneficiaries.

---

[6] Section 502(2) also allows the Secretary of Labor to bring a claim. 29 U.S.C. § 1132(a)(2).

Plaintiffs cannot pursue any claims covered by ERISA because the Act does not allow for double recovery based on the same conduct. *Harms v. Cavenham Forest Indus., Inc.*, 984 F.2d 686, 693 (5th Cir.) ("a double-recovery windfall [is] a result abhorred by ERISA"), *as amended on denial of reh'g* (Apr. 7, 1993); *In re Carpenter*, 245 B.R. 39, 50 (Bankr. E.D. Va.) ("Preventing double recovery is . . . essential to ERISA's goal of encouraging employers to promulgate employee benefit plans."), *aff'd,* 252 B.R. 905 (E.D. Va. 2000), *aff'd,* 36 F. App'x 80 (4th Cir. 2002). If Plaintiffs were allowed to proceed and recover under state law for what are essentially ERISA claims, then such recovery would be to the detriment of the ESOP and its participants, who are the real parties in interest for the conduct alleged, not the bankruptcy creditors. *See Cty., Mun. Emps.' Supervisors & Foreman's Union Local No. 1001 v. Laborers' Pension Fund*, 240 F. Supp. 2d 827, 830 (N.D. Ill. 2003) ("the statutory scheme of ERISA does not lend itself to judicial expansion of available remedies.").

## CONCLUSION

For the foregoing reasons, the Ds&Os respectfully request that the Court dismiss Counts I-IV, VII and VIII of the Revised Second Amended Complaint with prejudice.

Dated: December 16, 2019

Respectfully submitted,

/s/ *Craig C. Martin*
Craig C. Martin
David Jimenez-Ekman
Michael T. Graham
Caroline L. Meneau
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-8542
Facsimile: (312) 527-0484
Email: cmartin@jenner.com

mgraham@jenner.com
djimenez-ekman@jenner.com
cmeneau@jenner.com

*Attorneys for Former D&O Defendants*