IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ALAN D. HALPERIN AND EUGENE I. )
DAVIS AS CO-TRUSTEES OF THE )
APPVION LIQUIDATING TRUST )
       Plaintiff, )
   v. )
 )
MARK R. RICHARDS, *et al.,* ) Case No. 19-CV-1561-WCG
 )
       Defendants. )
 )
 )
 )
 )

**REPLY IN SUPPORT OF**
**ARGENT TRUST COMPANY'S MOTION TO DISMISS**

## Table of Contents

I. Introduction ............................................................................................................. 1

II. Argument ................................................................................................................. 2

    A. ERISA Preempts The Aiding and Abetting Claim Against Argent ........................ 2

    B. The Aiding and Abetting Claim Should be Dismissed for Failure to State a Claim. ................................................................................................................. 6

III. Conclusion ............................................................................................................... 9

# Table of Authorities

## Cases

*Antioch Co. Litig. Trust v. Morgan (In re Antioch Co.)*
    456 B.R. 791 (Bankr. S.D. Ohio 2011) ................................................................. 4

*AT&T v. Empire Blue Cross & Blue Shield,*
    No. 93-cv-1224, 1994 U.S. Dist. LEXIS 21091 (D.N.J. July 19, 1994) ................. 5

*Cumming v. Edens*,
    No. 13007, 2018 Del. Ch. LEXIS 54 (Del. Ch. Feb. 20, 2018) ......................... 7, 8

*Ingersoll-Rand Co. v. McClendon*,
    498 U.S. 133 (1999) .......................................................................................... 2, 3

*Keach v. United States Tr. Co.*,
    313 F. Supp. 2d 818 (C.D. Ill. 2004) ..................................................................... 8

*McFall v. Stacy & Witbeck, Inc.*, No. 14-cv-04150,
    2016 U.S. Dist. LEXIS 148399 (N.D. Cal. Oct. 26, 2016) ..................................... 7

*McLemore v. Regions Bank,*
    Nos. 08-cv-0021, 08-cv-1003, 2010 U.S. Dist. LEXIS 25785 (M.D. Tenn. Mar. 18, 2010) ... 5

*Natcom Bankshares, Inc. v. Johnson,*
    No. 12-cv-334, 2013 U.S. Dist. LEXIS 82494 (W.D. Wis. June 12, 2013) ............ 8

## Statutes and Federal Rules

29 U.S.C. § 1144(a) ................................................................................................ 1 – 6

29 U.S.C §1132(a) ........................................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 6, 7

I.      **Introduction**

Nothing in Plaintiff's Opposition Brief changes the conclusion that the Court should dismiss the sole claim against Argent, aiding and abetting members of the Appvion Board's breach of its fiduciary duties, for two reasons: the claim is preempted by ERISA and the Plaintiff's allegations fail to state a claim for relief.

*ERISA Preemption*. Argent argued in its Opening Brief that the statutory preemption provision in ERISA section 514(a) preempts the aiding and abetting claim. Plaintiff's claim is based on Argent's biannual PDC stock valuation, an undertaking required by ERISA and Appvion ESOP documents. Plaintiff concedes in the Opposition Brief (Doc. 28) and the Revised Second Amended Complaint (the "Complaint") (Doc. 2) that Argent was the ESOP trustee, that the aiding and abetting claim is premised on the ESOP's existence and is related to and arises out of Argent's work as ESOP trustee, and that Argent's conduct was central to ESOP administration. Plaintiff's aiding and abetting state law claim therefore falls squarely within ERISA's broad preemption provision.

*Failure to State a Claim*. As to Plaintiff's failure to plead a plausible aiding and abetting claim, the Opposition Brief does not identify a single allegation that Argent had incentive or reason to participate knowingly in the Appvion Board's alleged tortious conduct. Nor has Plaintiff identified any allegations from which the Court may reasonably infer such incentive or reason. In fact, it is unreasonable to infer from Plaintiff's allegations that an independent, institutional ESOP trustee like Argent, with no alleged incentive or reason to do so, would willfully assist others in allegedly looting an ESOP company. Plaintiff's claim against Argent is just not plausible.

The Court should dismiss Plaintiff's Complaint as to Argent for both or either of these two reasons.

## II. Argument

### A. ERISA Preempts The Aiding and Abetting Claim Against Argent.

Argent moved to dismiss Plaintiff's aiding and abetting claim under ERISA section 514(a), which broadly preempts all state laws and causes of action that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). (Argent Br., Doc. 19 at 5-11.) As explained in Argent's Opening Brief, the Supreme Court has repeatedly emphasized this "relate to" language is "conspicuous for its breadth" and uses "deliberately expansive language" to preempt all state law claims that have "a connection with or reference to" an employee benefit plan. (*Id.*, citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-140 (1990)). There is no question state law claims have an impermissible "connection with" an employee benefit plan, and are therefore preempted under section 514(a), when they are "premised on the existence of" the plan and relate to "administration of" that plan. *Ingersoll-Rand Co.*, 498 U.S. at 138-140 (finding preemption under section 514(a) of a state law claim that, as here, makes "specific reference to, and indeed is premised on, the existence of a pension plan"); (Argent Br., Doc. 19 at 5-7) (citing and discussing additional cases).

Plaintiff's aiding and abetting claim is preempted under these well-established principles. As Plaintiff conceded in opposing Argent's motion to dismiss this claim before it was transferred from Delaware to Wisconsin, "[t]here is no question that the claims asserted in the [Complaint] 'relate to' and 'arise out of' the ESOP . . ." (Delaware Adversary Action No. 18-50955 ("Del. Adv. Act."), Plaintiff Opposition Brief ("Del. Opp."), Doc. 77 at 13.)

Indeed, Plaintiff candidly admits that Argent's biannual valuation work (the conduct central to the alleged wrongdoing in the Complaint) was vitally important to ESOP administration. Under the heading "The Significance of the Twice Annual FMV Determination," Plaintiff alleges that the "biannual FMV Determination served several crucial functions, related [] to *the administration of the ESOP. . . .*" (Complaint, Doc. 2, ¶ 112) (emphasis added). Just as material

are the examples of the valuation's centrality to Appvion ESOP administration in the Opposition Brief, including its significance in determining "contributions to the ESOP," "distributions to ESOP participants," and "estimate[s] [of] the upcoming repurchase obligations under the ESOP." (*Id.* ¶ 113.)[1]

These allegations in Complaint paragraphs 112 and 113 should end the ERISA preemption inquiry in Argent's favor. ERISA preemption applies when a state law claim is "premised on the existence of" the plan and related to "administration of" that plan. *Ingersoll-Rand Co.*, 498 U.S. at 138-140. Here Plaintiff alleges *precisely* that in the Complaint. And because Plaintiff seeks to impose liability under state law for Argent's actions as ESOP Trustee, and for actions dictated by the Appvion ESOP documents and Trust Agreements, Plaintiff uses state law as an alternate enforcement mechanism to ERISA in just the way ERISA preemption prohibits.

Although Plaintiff unsurprisingly bickers with the conclusion, Plaintiff takes no issue with the foregoing preemption principles that lead to preemption of his state law claim against Argent. Plaintiff concedes that "There is no doubt that claims that involve entities' roles as ERISA plan participants or fiduciaries are preempted by ERISA Section 514(a), because such claims would be 'predicated upon the same conduct which is alleged to be governed by ERISA.' ERISA does not, however, govern the fiduciary duties that Delaware and Wisconsin impose on corporate directors and officers." (Opp. Br., Doc. 28, ¶ 80 (citation omitted).) Exactly. Plaintiff and Argent agree on the governing preemption concept, and straightforward application of that concept to the facts underpinning Plaintiff's state law aiding and abetting claim against Argent leads to only one

---

[1] Copies of the ERISA plan documents that mandate and govern Argent's challenged conduct—the Appvion ESOP and Trust Agreements—are attached to Argent's Motion. (*See* Doc. 19-1, 19-2, 19-3.)

conclusion: that claim against Argent is preempted because it is "predicated" on "conduct" governed by ERISA.

Plaintiff's effort to distinguish the cases Argent cited in its Opening Brief does not alter the conclusion that ERISA preemption bars the aiding and abetting claim. As discussed in Argent's Opening Brief, the allegations in this case overlap substantially with *Antioch Co. Litig. Trust v. Morgan (In re Antioch Co,)*, 456 B.R. 791 (Bankr. S.D. Ohio 2011). In *Antioch*, the court dismissed a liquidating trustee's state law claims against a bankrupt ESOP company's ERISA trustee because ERISA preempted them. Plaintiff previously confessed the substantial overlap between *Antioch* and this case. (Del. Adv. Opp. Br., Doc. 77 at 27.) In fact, Plaintiff did not even try to distinguish *Antioch* in briefing Argent's preemption argument when the claim was in Delaware. (*Id.* at 32-33.)

In this Court, Plaintiff recognizes that *Antioch* is on point but argues the court did not understand preemption. (Opp. Br., Doc. 28 at ¶¶ 84-85.) Plaintiff misreads *Antioch*. As required when analyzing ERISA preemption, the *Antioch* court considered whether the ESOP trustee's valuation of shares held outside the ESOP related to its ERISA-based fiduciary obligation to determine whether the transaction at issue was fair to the ESOP. *Antioch*, 456 B.R. at 836. Concluding that this is what the complaint alleged, the court held that ERISA preemption applied and dismissed the state law claim against the ESOP trustee. Just like the Complaint in this case, the complaint in *Antioch* did "not contain a single allegation that suggests [the ESOP trustee] made any decision, good, bad or otherwise, outside of its fiduciary role as the ESOP Trustee." *Id.* Like the *Antioch* court, this Court should find that ERISA preempts the Plaintiff's aiding and abetting claim.[2]

---

[2] The Antioch court's discussion of whether the ERISA fiduciary also had a duty to the company (it did not) was simply a check on whether the challenged conduct arose under ERISA and is not, as Plaintiff contends here, a flaw in the court's analysis.

Plaintiff's attempt to distinguish other cases cited by Argent holding that ERISA preemption bars state law aiding and abetting claims against an ERISA fiduciary like Argent is unconvincing. Plaintiff makes a passing attempt to identify analytically insignificant facts that are somehow different from "those before the Court here," such as the relationships between the parties or the fact that some plaintiffs were plan participants. (Opp. Br., Doc. 28 at ¶ 79.) But Plaintiff never explains how any such facts change the application of the same preemption principles that require dismissal of the aiding and abetting claim against Argent. For example, in *AT&T v. Empire Blue Cross & Blue Shield*, No. 93-cv-1224, 1994 WL 16057794, 1994 U.S. Dist. LEXIS 21091 (D.N.J. July 19, 1994) (cited in Argent Br., Doc. 19 at 10-11), the court dismissed an aiding and abetting claim "predicated upon alleged agreements and conduct involving Plan administration", like Argent's valuation determinations. *Id.* at *76. To do otherwise would "frustrate the intended effect of the preemption provision to prevent conflicts among state standards of conduct applicable to ERISA entities". *Id.* at *80. That is the court's reasoning in a nutshell, without even a hint that the relationships between the parties was relevant. What's more, Plaintiff just ignores another case, *McLemore v. Regions Bank*, Nos. 08-cv-0021, 08-cv-1003, 2010 U.S. Dist. LEXIS 25785, 2010 WL 1010092 (M.D. Tenn. Mar. 18, 2010) (cited in Argent Br., Doc. 19 at 11), where the court held ERISA preemption barred aiding and abetting claims of a bankruptcy trustee like Plaintiff.[3]

Argent is currently defending a claim brought by an alleged ERISA fiduciary in this Court for alleged violations of ERISA arising from the exact same conduct giving rise to Plaintiff's

---

[3] A plaintiff's status is important to standing to bring an ERISA claim. *See* ERISA section 502(a), 29 U.S.C section 1132(a) (identifying parties entitled to bring ERISA actions). Plaintiff, the Appvion's bankruptcy liquidation trustee, does not have standing under ERISA section 502 to bring an ERISA claim against Argent and this effort to end-run ERISA with a state law claim against Argent is precisely the type of conduct ERISA preemption is intended to prevent.

5

alleged state law aiding and abetting claim against Argent. (*See* Case No.: 1:18-cv-01861-WCG.) That case is stark confirmation that allowing Plaintiff to proceed on its state law aiding and abetting claim against Argent creates the scenario that ERISA section 514(a) was precisely designed to prohibit—exposing an ERISA fiduciary to state law enforcement mechanisms and remedies for conduct governed by ERISA. (*See* Argent Br., Doc. 19 at 9-10.) Preemption bars Plaintiff's state law claim against Argent.

### B. The Aiding and Abetting Claim Should be Dismissed for Failure to State a Claim.

Plaintiff failed to address Argent's central argument that Plaintiff has failed to state a claim under Federal rule 12(b)(6)—the aiding and abetting claim against Argent is not plausible under *Twombly* and *Iqbal*. (Argent Br., Doc. 19 at 14-16.) Argent argued in its Opening Brief that it had no incentive or reason to assist the directors in allegedly breaching their fiduciary duties, and more importantly for Rule 12 purposes, no such incentive or reason is plead. (*Id.*) Nor can the Court reasonably infer such incentive or reason from any specific allegation, or the Complaint generally. In fact, Argent pointed out it was downright *implausible* that a professional trustee firm with nothing to gain would engage in such conduct. (*Id.*) Taking the argument still further, Argent contended that it was even more implausible to think this alleged conspiracy would stretch over a decade, a changing group of directors, and multiple independent trustee firms. These were important arguments and Plaintiff did not challenge or even mention the facts or the legal importance of Argent's lack of incentive or reasons to aid and abet the directors' alleged breaches of duty. This pleading deficiency compels dismissal for failure to state a claim.

When Plaintiff does address Argent's arguments, the effort is unconvincing. For example, Argent argued that Plaintiff did not satisfy the stringent "knowing participation" element of an aiding and abetting claim. (Argent Br., Doc. 19 at 13-14.) In opposition, Plaintiff asserts that

Argent was "fully aware" of the directors' "mismanagement." (Opp., Doc. 28 at ¶ 103) To support this sweeping and conclusory contention, Plaintiff points only to allegations that Argent worked with the Debtors' "management," and thus "could not have been ignorant of management's misconduct." (*Id.* at ¶ 105.) That conclusory statement fails to plead "knowing participation" or to permit the Court to draw an inference of "knowing participation" in anything, and especially not "knowing participation" in a breach of duty by the directors. *McFall v. Stacy & Witbeck, Inc.*, 2016 U.S. Dist. LEXIS 148399, *20 (N.D. Cal., Oct. 26, 2016 (dismissing aiding and abetting claims against valuation advisor). In other words, Plaintiff's conclusory allegations and statements (Argent was "fully aware" and "could not have been ignorant") do not state or provide a reasonable basis to infer the "knowing participation" element of an aiding and abetting claim, as Argent showed in its Opening Brief. *E.g.*, *In re Santa Fe Pacific Corp. Shareholder Lit.,* 669 A.2d 59, 72 (Del. 1995) (proper to dismiss aiding and abetting claim where plaintiff failed to plead more than conclusory allegations about knowing participation); (Argent Br., Doc. 19 at 12-15).

Plaintiff fares no better in pleading Argent acted with scienter. As explained in our Opening Brief, scienter is an element of an aiding and abetting cause of action that affords service providers like Argent another "degree of insulation from liability" for aiding and abetting another's tort. (Argent Br., Doc. 19 at 14.) In the Opposition Brief, Plaintiff points only to alleged flaws in Argent's and Stout's valuation work. Yet even assuming (as we must at this point) that the valuation was flawed, alleging a flawed valuation does not plead that Argent acted with "an illicit state of mind" as required to plead scienter properly. *Cumming v. Edens*, 2018 Del. Ch. LEXIS 54, at *58 (Del. Ch. Feb. 20, 2018). This is particularly so where there is no allegation from which the Court could reasonably infer that Argent—whose fee was fixed regardless of the PDC stock value (Docs. 19-4, 19-5)—stood to gain from its alleged bad acts and risking its professional reputation.

7

Case 1:19-cv-01561-WCG   Filed 02/07/20   Page 10 of 12   Document 30

This is hardly the case and these are hardly the allegations that make an exception to the rule that an "aiding and abetting claim [is] among the most difficult to prove.'" *Cumming*, 2018 Del. Ch. LEXIS 54 at *58-59 (quoting *RBC Capital Mkts. LLC v. Jervis*, 129 A.3d 816, 866 (Del. 2015)).

One more point regarding scienter. Plaintiff refers to a single allegation to support its scienter argument. In Opposition paragraph 107, Plaintiff says that Argent and Stout increased the risk premium in their discounted cash flow analysis of the Debtors from 0% to 2% from the 2014 to the 2015 FMV determination and did so despite insufficiently changed circumstances. (Opp., Doc. 28 at ¶ 107.) To Plaintiff, this is apparently evidence that Argent acted with scienter because it "knew" Appvion's projections were unreliable.

But this allegation is implausible in connection with the actual claim in the Complaint. Recall Plaintiff's theory in this case that the corporate officers and directors "artificially and materially inflated the value of the stock held by the ESOP" to "maximize the value of their own incentive compensation and the distributions they were owed under the ESOP" and that Argent aided and abetted this wrongful conduct through an "unjustifiably high valuation" of PDC stock. (Complaint, Doc. 2 at ¶ 3.) The increase in the risk premium that Plaintiff identifies—the only specific allegation of scienter Plaintiff offers—goes against that entire theory. It is a basic and universally recognized valuation principle that an increased risk premium *lowers* the value of the stock.[4] Plaintiff thus asks the Court to accept the following argument to survive dismissal: Argent must have knowingly aided and abetted a scheme to inflate the value of the PDC stock citing only a valuation decision that lowered PDC share value. Implausible in the extreme and insufficient to save the aiding and abetting claim.

---

[4] *See, e.g.*, *Keach v. United States Tr. Co.*, 313 F. Supp. 2d 818, 852-3 (C.D. Ill. 2004) (discussing how increased risk premium reduces share value); *Natcom Bankshares, Inc. v. Johnson*, No. 12-cv-334, 2013 U.S. Dist. LEXIS 82494, at *38-39 (W.D. Wis. June 12, 2013) (same).

### III. Conclusion

For the foregoing reasons, and the reasons stated in Argent's opening Motion and Memorandum in Support (Docs. 18, 19), the sole claim against Argent Trust Company (Count V) should be dismissed.

Dated: February 7, 2020

By: */s/ William P. McKinley*
William P. McKinley SBN # 1072959
MENN LAW FIRM, LTD.
2501 E. Enterprise Ave.
Appleton, Wisconsin 54912
Email: William-Mckinley@mennlaw.com
Tel: (920) 731-6631
Fax (920) 560 4757

-and-

By: */s/ Michael L. Scheier*
Michael L. Scheier
Brian P. Muething
Jacob D. Rhode
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite No. 1400
Cincinnati, Ohio 45202
Email: mscheier@kmklaw.com
bmuething@kmklaw.com
jrhode@kmklaw.com
Tel: (513) 579-6400
Fax: (513) 579-6457

*Counsel for Argent Trust Company*

### CERTIFICATE OF SERVICE

I certify that on February 7, 2020 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Michael L. Scheier*