# United States District Court
# Eastern District of Wisconsin (Green Bay)
# CIVIL DOCKET FOR CASE #: <u>1:19−cv−01561−WCG</u>

Halperin v. Richards, et al
Assigned to: Judge William C Griesbach
related Case: 1:18−cv−01861−WCG
Case in other court: USBC−District of Delaware, 18−50955
Cause: 29:1109 Breach of Fiduciary Duties

Date Filed: 10/24/2019
Date Terminated: 08/28/2020
Jury Demand: None
Nature of Suit: 790 Labor: Other
Jurisdiction: Diversity

<u>**Plaintiff**</u>

**Alan D Halperin**
*Co−Trustee of the Appvion Liquidating Trust*

represented by **Gordon Z Novod**
Grant & Eisenhofer PA
485 Lexington Ave − 29th Flr
New York, NY 10017
646−722−8500
Fax: 646−722−8501
Email: gnovod@gelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vivek Upadhya**
Grant & Eisenhofer PA
123 Justison St
Wilmington, DE 19801
302−622−7000
Fax: 302−622−7100
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Eugene I Davis**
*Co−Trustee of the Appvion Liquidating Trust*

represented by **Gordon Z Novod**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vivek Upadhya**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

<u>**Defendant**</u>

**Mark R Richards**

represented by **Craig C Martin**
Willkie Farr & Gallagher LLP

300 N LaSalle Dr – 50th Fl
Ste 50th Floor
Chicago, IL 60654
312–728–9050
Fax: 312–728–9199
Email: cmartin@willkie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael T Graham**
Willkie Farr & Gallagher LLP
300 N LaSalle Dr – 50th Fl
Chicago, IL 60654
312–728–9015
Fax: 312–728–9199
Email: mgraham@willkie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda S Amert**
Willkie Farr & Gallagher LLP
300 N LaSalle Dr – 50th Fl
Chicago, IL 60654
312–728–9010
Fax: 312–728–9199
Email: aamert@willkie.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas J Ferree**                    represented by    **Craig C Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael T Graham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda S Amert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tami L Van Straten**                 represented by    **Craig C Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael T Graham**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda S Amert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeffrey J Fletcher**                    represented by    **Craig C Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael T Graham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda S Amert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kerry S Arent**                    represented by    **Craig C Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael T Graham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda S Amert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stephen P Carter**                    represented by    **Craig C Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael T Graham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda S Amert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Terry M Murphy**                    represented by    **Craig C Martin**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Michael T Graham**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Amanda S Amert**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Andrew F Reardon**                  represented by    **Craig C Martin**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Michael T Graham**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Amanda S Amert**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Kathi P Seifert**                   represented by    **Craig C Martin**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Michael T Graham**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Amanda S Amert**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Mark A Suwyn**                      represented by    **Craig C Martin**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Michael T Graham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda S Amert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

Carl J Laurino                    represented by    **Craig C Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael T Graham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda S Amert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

David A Roberts                   represented by    **Craig C Martin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael T Graham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda S Amert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

Argent Trust Company              represented by    **Brian P Muething**
Keating Muething & Klekamp PLL
1 E 4th St – Ste 1400
Cincinnati, OH 45202
513–639–3814
Fax: 513–579–6457
Email: bmuething@kmklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob D Rhode**
Keating Muething & Klekamp PLL
1 E 4th St – Ste 1400
Cincinnati, OH 45202
513–579–6580
Fax: 513–579–6457
Email: jrhode@kmklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael L Scheier**
Keating Muething & Klekamp PLL
1 E 4th St – Ste 1400
Cincinnati, OH 45202
513–579–6952
Fax: 513–579–6457
Email: mscheier@kmklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William P McKinley**
Menn Law Firm Ltd
2501 E Enterprise Ave
PO Box 785
Appleton, WI 54912–0785
920–560–4730
Fax: 920–560–4748
Email: william–mckinley@mennlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Stout Risius Ross Inc** | represented by | **Kara Petteway Wheatley**<br>Groom Law Group Chartered<br>1701 Pennsylvania Ave NW<br>Washington, DC 20006–5893<br>202–861–6339<br>Email: kwheatley@groom.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Lars C Golumbic**<br>Groom Law Group Chartered<br>1701 Pennsylvania Ave NW<br>Washington, DC 20006–5893<br>202–306–3013<br>Email: lcg@groom.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Meredith Kimelblatt**<br>Groom Law Group Chartered |

1701 Pennsylvania Ave NW
Washington, DC 20006−5893
202−861−5412
Fax: 202−659−4503
Email: mkimelblatt@groom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ross Townsend**
Law Firm of Conway Olejniczak & Jerry
SC
231 S Adams St
PO Box 23200
Green Bay, WI 54305
920−437−0476
Fax: 920−437−2868
Email: rwt@lcojlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Salek−Raham**
Groom Law Group Chartered
1701 Pennsylvania Ave NW
Washington, DC 20006−5893
202−861−5438
Email: asalek−raham@groom.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Stout Risius Ross LLC** | represented by | **Kara Petteway Wheatley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Lars C Golumbic**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meredith Kimelblatt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ross Townsend**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Salek−Raham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jane and John Does**
*1–40*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/24/2019 | 1 | | Case transferred in from US Bankruptcy Court, District of Delaware: Case Number 18–50955. Transfer orders and docket sheet received. Chief Judge William C Griesbach and Magistrate Judge Nancy Joseph assigned. (Attachments: # 1 Opinion, # 2 Order)(tlf) |
| 10/24/2019 | 2 | | REVISED SECOND AMENDED COMPLAINT against all Defendants by Eugene I Davis, Alan D Halperin. (Counts I–VIII transferred from USBC–District of Delaware on 10/24/2019). (Revised Second Amended Complaint originally filed in USBC–District of Delaware Case 18–50955 on 7/2/2019.)(tlf) |
| 11/11/2019 | 3 | | NOTICE of Appearance by Lars C Golumbic on behalf of Stout Risius Ross Inc, Stout Risius Ross LLC. Attorney(s) appearing: Lars C. Golumbic (Golumbic, Lars) |
| 11/11/2019 | 4 | | NOTICE of Appearance by Kara Petteway Wheatley on behalf of Stout Risius Ross Inc, Stout Risius Ross LLC. Attorney(s) appearing: Kara P. Wheatley (Wheatley, Kara) |
| 11/11/2019 | 5 | | NOTICE of Appearance by Meredith Kimelblatt on behalf of Stout Risius Ross Inc, Stout Risius Ross LLC. Attorney(s) appearing: Meredith F. Kimelblatt (Kimelblatt, Meredith) |
| 11/13/2019 | 6 | | NOTICE of Appearance by Craig C Martin on behalf of Kerry S Arent, Stephen P Carter, Thomas J Ferree, Jeffrey J Fletcher, Carl J Laurino, Terry M Murphy, Andrew F Reardon, Mark R Richards, David A Roberts, Kathi P Seifert, Mark A Suwyn, Tami L Van Straten. Attorney(s) appearing: Craig C. Martin (Martin, Craig) |
| 11/13/2019 | 7 | | NOTICE of Appearance by David Jimenez–Ekman on behalf of Kerry S Arent, Stephen P Carter, Thomas J Ferree, Jeffrey J Fletcher, Carl J Laurino, Terry M Murphy, Andrew F Reardon, Mark R Richards, David A Roberts, Kathi P Seifert, Mark A Suwyn, Tami L Van Straten. Attorney(s) appearing: David Jimenez–Ekman (Jimenez–Ekman, David) |
| 11/13/2019 | 8 | | NOTICE of Appearance by Michael T Graham on behalf of Kerry S Arent, Stephen P Carter, Thomas J Ferree, Jeffrey J Fletcher, Carl J Laurino, Terry M Murphy, Andrew F Reardon, Mark R Richards, David A Roberts, Kathi P Seifert, Mark A Suwyn, Tami L Van Straten. Attorney(s) appearing: Michael T. Graham (Graham, Michael) |
| 11/13/2019 | 9 | | NOTICE of Appearance by Caroline L Meneau on behalf of Kerry S Arent, Stephen P Carter, Thomas J Ferree, Jeffrey J Fletcher, Carl J Laurino, Terry M Murphy, Andrew F Reardon, Mark R Richards, David A Roberts, Kathi P Seifert, Mark A Suwyn, Tami L Van Straten. Attorney(s) appearing: Caroline L. Meneau (Meneau, Caroline) |
| 11/15/2019 | 10 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Appearance by Jacob D Rhode on behalf of Argent Trust Company. Attorney(s) appearing: Jacob D. Rhode (Rhode, Jacob) |
| 11/15/2019 | 11 | | NOTICE of Appearance by Michael L Scheier on behalf of Argent Trust Company. Attorney(s) appearing: Michael L. Scheier (Scheier, Michael) |
| 11/15/2019 | 12 | | NOTICE of Appearance by Brian P Muething on behalf of Argent Trust Company. Attorney(s) appearing: Brian P. Muething (Muething, Brian) |
| 11/15/2019 | 13 | | NOTICE of Appearance by Ross Townsend on behalf of Stout Risius Ross Inc, Stout Risius Ross LLC. Attorney(s) appearing: Ross W. Townsend (Townsend, Ross) |
| 11/19/2019 | 14 | | JOINT DESIGNATION OF RECORD from USBC–District of Delaware Adversary Proceeding 18–50955 and Bankruptcy Petition 17–12082 filed by all Parties. (Attachments: # 1 Adversary Proceeding 18–50955, Dkt #1–65 (with bookmarks), # 2 Adversary Proceeding 18–50955, Dkt #66–99 (with bookmarks), # 3 Adversary Proceeding 18–50955, Dkt #100–114 (with bookmarks), # 4 Bankrtuptcy Petition 17–12082, Dkt #1–1146 (with bookmarks), # 5 SEALED Adversary Proceeding Documents, Dkt #3, 60, 87, 100, 104, 107 (with bookmarks)) (tlf) |
| 11/22/2019 | 15 | | NOTICE of Appearance by Gordon Z Novod on behalf of Eugene I Davis, Alan D Halperin. Attorney(s) appearing: Gordon Z. Novod (Novod, Gordon) |
| 11/22/2019 | 16 | | STIPULATION *for (1) Motion Related to Renewed Motions to Dismiss Revised Second Amended Adversary Complaint and Proposed Briefing Schedule and (II) Civil L.R. 7(h) Expedited Non–Dispositive Motion for Leave to Exceed Page Limit [Unopposed]* by Eugene I Davis, Alan D Halperin. (Attachments: # 1 Text of Proposed Order)(Novod, Gordon) |
| 11/25/2019 | 17 | | ORDER Approving 16 Joint Stipulation signed by Judge William C Griesbach on 11/25/19. Defendants may file renewed motions to dismiss Counts I–VIII of Revised Second Amended Complaint ("Renewed Motions") applying this Court's local rules. Briefing Schedule: Defendants to file the Renewed Motions and supporting briefs and documents by 12/16/19; Plaintiff's to file its opposition brief to the Renewed Motions and supporting documents by 1/17/20; and Defendants to file reply briefs in support of motions by 2/7/20. (cc: all counsel)(Griesbach, William) |
| 12/16/2019 | 18 | | MOTION to Dismiss by Argent Trust Company. (Scheier, Michael) |
| 12/16/2019 | 19 | | BRIEF in Support filed by Argent Trust Company re 18 MOTION to Dismiss . (Attachments: # 1 Exhibit Appvion ESOP (eff. 1.1.14), # 2 Exhibit Trust Agreement (eff. 4.1.13), # 3 Exhibit Trust Agreement (eff. 8.3.15), # 4 Exhibit Reliance Engagement Ltr (eff. 4.1.13), # 5 Exhibit Argent Engagement Ltr (eff. 5.26.15), # 6 Exhibit Unreported Decisions)(Scheier, Michael) |
| 12/16/2019 | 20 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Stout Risius Ross Inc, Stout Risius Ross LLC. (Attachments: # 1 Text of Proposed Order)(Golumbic, Lars) |
| 12/16/2019 | 21 | | BRIEF in Support filed by Stout Risius Ross Inc, Stout Risius Ross LLC re 20 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . (Attachments: # 1 Affidavit of Lars C. Golumbic, # 2 Exhibit 1 Stout Engagement Letters, # 3 Exhibit 2 2012 PDC Form 10K, # 4 Exhibit 3 |

| | | |
|---|---|---|
| | | 20130630 Appvion Valuation Report, # <u>5</u> Exhibit 4 20140630 Appvion Valuation Report, # <u>6</u> Exhibit 5 20141231 Appvion Valuation Report, # <u>7</u> Exhibit 6 20150630 Appvion Valuation Report, # <u>8</u> Exhibit 7 20151231 Appvion Valuation Report, # <u>9</u> Exhibit 8 20160630 Appvion Valuation Report, # <u>10</u> Exhibit 9 20161231 Appvion Valuation Report, # <u>11</u> Exhibit 10 20170630 Appvion Valuation Report, # <u>12</u> Exhibit Unreported Cases)(Golumbic, Lars) |
| 12/16/2019 | <u>22</u> | DISCLOSURE Statement by Kerry S Arent, Stephen P Carter, Thomas J Ferree, Jeffrey J Fletcher, Carl J Laurino, Terry M Murphy, Andrew F Reardon, Mark R Richards, David A Roberts, Kathi P Seifert, Mark A Suwyn, Tami L Van Straten. (Martin, Craig) |
| 12/16/2019 | <u>23</u> | MOTION to Dismiss – *Former Directors' and Officers' Motion to Dismiss Counts I–IV, VII and VIII of Plaintiffs' Revised Second Amended Complaint* by Kerry S Arent, Stephen P Carter, Thomas J Ferree, Jeffrey J Fletcher, Carl J Laurino, Terry M Murphy, Andrew F Reardon, Mark R Richards, David A Roberts, Kathi P Seifert, Mark A Suwyn, Tami L Van Straten. (Martin, Craig) |
| 12/16/2019 | <u>24</u> | BRIEF in Support filed by Kerry S Arent, Stephen P Carter, Thomas J Ferree, Jeffrey J Fletcher, Carl J Laurino, Terry M Murphy, Andrew F Reardon, Mark R Richards, David A Roberts, Kathi P Seifert, Mark A Suwyn, Tami L Van Straten re <u>23</u> MOTION to Dismiss – *Former Directors' and Officers' Motion to Dismiss Counts I–IV, VII and VIII of Plaintiffs' Revised Second Amended Complaint* . (Attachments: # <u>1</u> Exhibit A – Plan Document, # <u>2</u> Exhibit B – Trust Document, # <u>3</u> Exhibit C – Unreported Cases)(Martin, Craig) |
| 12/17/2019 | <u>25</u> | DISCLOSURE Statement by Stout Risius Ross Inc, Stout Risius Ross LLC. (Golumbic, Lars) |
| 12/18/2019 | <u>26</u> | LETTER from Gordon Z. Novod *re: designate additional documents to the record of this case.* (Attachments: # <u>1</u> Exhibit A–Rule 52/60 Motion filed in the Bankrutpcy Court in the District of Delaware, # <u>2</u> Exhibit B–Certificate of No Objection to Rule 52/60 Motion, # <u>3</u> Exhibit C–Order granting Rule 52/60 Motion)(Novod, Gordon) |
| 12/20/2019 | <u>27</u> | DISCLOSURE Statement by Argent Trust Company. (Scheier, Michael) |
| 01/17/2020 | <u>28</u> | BRIEF in Opposition filed by Eugene I Davis, Alan D Halperin re <u>20</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , <u>18</u> MOTION to Dismiss , <u>23</u> MOTION to Dismiss – *Former Directors' and Officers' Motion to Dismiss Counts I–IV, VII and VIII of Plaintiffs' Revised Second Amended Complaint* . (Attachments: # <u>1</u> Exhibit Unpublished Cases, # <u>2</u> Text of Proposed Order)(Novod, Gordon) |
| 01/17/2020 | <u>29</u> | DISCLOSURE Statement by Eugene I Davis, Alan D Halperin. (Novod, Gordon) |
| 02/07/2020 | <u>30</u> | REPLY BRIEF in Support filed by Argent Trust Company re <u>18</u> MOTION to Dismiss . (Scheier, Michael) |
| 02/07/2020 | <u>31</u> | REPLY filed by Kerry S Arent, Stephen P Carter, Thomas J Ferree, Jeffrey J Fletcher, Carl J Laurino, Terry M Murphy, Andrew F Reardon, Mark R Richards, David A Roberts, Kathi P Seifert, Mark A Suwyn, Tami L Van Straten re <u>28</u> Brief in Opposition to Motion, */ Former Appvion Inc. Directors' and Officers' Reply to Plaintiffs' Response to Motion to Dismiss Counts I–IV,* |

| | | |
|---|---|---|
| | | *VII and VIII Of Plaintiffs' Revised Second Amended Complaint.* (Attachments: # 1 Exhibit A – Trust Document, # 2 Exhibit B – Plan Document, # 3 Exhibit C – Unreported Cases)(Martin, Craig) |
| 02/07/2020 | 32 | REPLY BRIEF in Support filed by Stout Risius Ross Inc, Stout Risius Ross LLC re 20 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . (Attachments: # 1 Exhibit Unreported Cases)(Golumbic, Lars) |
| 02/18/2020 | 33 | LETTER from Gordon Z. Novod on behalf of Plaintiff *Alan D. Halperin and Eugene I. Davis as Co–Trustees of the Appvion Liquidating Trust.* (Novod, Gordon) |
| 03/05/2020 | 34 | TEXT ONLY ORDER DECLINING 33 Letter request for April oral argument, signed by Judge William C Griesbach on 03/05/2020. The court may reconsider the request after fully reviewing the briefs, but at this time the request is denied. (cc: all counsel)(Griesbach, William) |
| 04/08/2020 | 35 | NOTICE of Appearance by Amanda S Amert on behalf of Kerry S Arent, Stephen P Carter, Thomas J Ferree, Jeffrey J Fletcher, Carl J Laurino, Terry M Murphy, Andrew F Reardon, Mark R Richards, David A Roberts, Kathi P Seifert, Mark A Suwyn, Tami L Van Straten. Attorney(s) appearing: Amanda S. Amert (Amert, Amanda) |
| 04/08/2020 | 36 | NOTICE of Change of Address by Craig C Martin *to Willkie Farr & Gallagher LLP, 300 N. LaSalle Street, Chicago, IL 60654* (Martin, Craig) |
| 04/08/2020 | 37 | NOTICE of Change of Address by Michael T Graham *to Willkie Farr & Gallagher LLP, 300 N.LaSalle St, Chicago, IL 60654* (Graham, Michael) |
| 04/17/2020 | 38 | NOTICE by Kerry S Arent, Stephen P Carter, Thomas J Ferree, Jeffrey J Fletcher, Carl J Laurino, Terry M Murphy, Andrew F Reardon, Mark R Richards, David A Roberts, Kathi P Seifert, Mark A Suwyn, Tami L Van Straten *of Attorney Withdrawal* (Martin, Craig) |
| 08/24/2020 | 39 | NOTICE of Appearance by Andrew Salek–Raham on behalf of Stout Risius Ross Inc, Stout Risius Ross LLC. Attorney(s) appearing: Andrew D. Salek–Raham (Salek–Raham, Andrew) |
| 08/28/2020 | 40 | DECISION AND ORDER signed by Judge William C Griesbach on 8/28/2020 GRANTING Defendants' 18 , 20 and 23 Motions to Dismiss. Plaintiffs' state law claims against the defendants are dismissed as preempted by ERISA. This case is DISMISSED. The Clerk is directed to enter judgment accordingly. (cc: all counsel) (Griesbach, William) |
| 08/28/2020 | 41 | JUDGMENT signed by Deputy Clerk and approved by Judge William C Griesbach on 8/28/2020. (cc: all counsel)(mac) |
| 09/16/2020 | 42 | NOTICE OF APPEAL as to 40 Order on Motion to Dismiss,, Order on Motion to Dismiss for Failure to State a Claim,,, 41 Judgment by Eugene I Davis, Alan D Halperin. Filing Fee PAID $505, receipt number AWIEDC–3574142 (cc: all counsel) (Novod, Gordon) |
| 09/17/2020 | 43 | Attorney Cover Letter re: 42 Notice of Appeal. (tlf) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALAN D. HALPERIN AND EUGENE I. DAVIS,
AS CO-TRUSTEES OF THE APPVION
LIQUIDATING TRUST,

Case No. 19-C-1561 (WCG)

Plaintiffs,

v.

MARK R. RICHARDS, THOMAS J. FERREE,
TAMI L. VAN STRATEN, JEFFREY J.
FLETCHER, KERRY S. ARENT, STEPHEN P.
CARTER, TERRY M. MURPHY, ANDREW F.
REARDON, KATHI P. SEIFERT, MARK A.
SUWYN, CARL J. LAURINO, DAVID A.
ROBERTS, ARGENT TRUST COMPANY,
STOUT RISIUS ROSS, INC., STOUT RISIUS
ROSS, LLC, JOHN/JANE DOES 1-40,

Defendants.

## **NOTICE OF APPEAL**

Notice is hereby given that appellants Alan D. Halperin and Eugene I. Davis, as Co-Trustees of the Appvion Liquidating Trust, hereby appeal to the United States Court of Appeals for the Seventh Circuit from the Decision and Order (Dkt. No. 40) and Judgment (Dkt. No. 41) entered in this action on August 28, 2020.

In appealing from the Decision and Order and Judgment, appellants appeal from any and all orders antecedent and ancillary thereto.

Case 1:19-cv-01561-WCG Filed 09/17/20 Page 1 of 4
Case 1:19-cv-01561-WCG Document 42 Filed 09/17/20 Page 1 of 34

Dated: September 16, 2020

GRANT & EISENHOFER P.A.

*/s/ Gordon Z. Novod*

Gordon Z. Novod
485 Lexington Avenue, 29th Floor
New York, New York 10017
Tel: 646-722-8500
Fax: 646-722-8501
Email: gnovod@gelaw.com

*Special Counsel for Alan D. Halperin and*
*Eugene I. Davis, as Co-Trustees of the Appvion*
*Liquidating Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Appeal was filed electronically on September 16, 2020, with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants, resulting in service upon all counsel of record.

/s/ *Gordon Z. Novod*
Gordon Z. Novod

ALAN D. HALPERIN and
EUGENE I. DAVIS,

        Plaintiffs,

    v.                                  Case No. 19-C-1561

MARK R. RICHARDS, et al.,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

In late 2001, the employees of Appvion, Inc. contributed nearly $107 million from their 401(k) retirement accounts to an employee stock ownership plan (ESOP), which was used to purchase all of the common stock of Paperweight Development Corporation (PDC). PDC then used the employee contributions, along with other financing, to purchase Appvion from its parent company, Arjo Wiggins Appleton. On October 1, 2017, some 16 years later, Appvion filed voluntary petitions for relief under Chapter 11. Under the Chapter 11 Plan of Liquidation, Plaintiffs were given authority to pursue certain causes of action on behalf of the estate. Plaintiffs commenced an adversary proceeding in the U.S. Bankruptcy Court for the District of Delaware on November 30, 2018, for the benefit of certain Appvion creditors, against a number of former Directors and Officers of Appvion Inc.; Argent Trust Company, which served as the trustee of the ESOP from 2014 to 2017; and Stout Risius Ross, Inc. and Stout Risius Ross, LLC (Stout), which provided stock valuations from 2014 to 2017.

The complaint alleged that the Director and Officer Defendants breached their fiduciary duties (Counts I through III); that the ESOP Committee Members, Argent, and Stout aided and

abetted the Director and Officer Defendants in breaching their fiduciary duties (Counts IV through VI); and that certain Director and Officer Defendants received illegal dividends in violation of Delaware state law (Counts VII and VIII). The complaint also asserted avoidance actions against certain Director and Officer Defendants, Stout, and Argent (Counts IX through XVIII). Plaintiffs filed a first amended complaint on February 19, 2019. On March 19, 2019, the Director and Officer Defendants and Argent filed motions to dismiss. Plaintiffs filed a Second Amended Complaint and then a Revised Second Amended Complaint. The parties stipulated that the motions to dismiss had equal applicability to the Revised Second Amended Complaint. On October 23, 2019, the U.S. Bankruptcy Court for the District of Delaware ordered that the venue of Counts I through VIII be transferred to this court.

This matter comes before the court on the defendants' motions to dismiss. The defendants assert that Plaintiffs' state law claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* For the reasons that follow, the defendants' motions to dismiss will be granted and the case will be dismissed.

## LEGAL STANDARD

A motion to dismiss tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all inferences in the light most favorable to the non-moving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's short and plain statement must "give the defendant fair notice of

2

what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, it must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## BACKGROUND

Prior to 2001, Appvion, or as it was then known, Appleton Papers, Inc., offered its employees a traditional Section 401(k) retirement plan. In late 2001, the employees of Appvion contributed nearly $107 million of their retirement accounts to an ERISA-governed employee stock ownership plan (ESOP) to be used to purchase all of the common stock of Paperweight Development Corporation (PDC). PDC then purchased Appvion from its parent company, Arjo Wiggins Appleton, and Appvion employees continued to use their tax-deferred retirement savings to purchase additional stock throughout their employment. Upon an employee participant's retirement, the ESOP would repurchase the participant's PDC common stock at fair market value. On May 28, 2014, Argent became the ESOP's trustee and was supervised by the ESOP Committee. As the trustee, Argent was to determine the fair market value of PDC common stock, among other duties. Argent hired Stout to make the fair market value determination.

Plaintiffs allege that the ESOP frequently did not have sufficient cash from employee contributions to cover the cost of ESOP distributions to employee participants, so the ESOP borrowed money from PDC. Compl. ¶ 115, Dkt. No. 2. PDC, in turn, borrowed funds from Appvion to meet the ESOP's repurchase obligations, and Appvion borrowed money from its lenders to fund its loans to PDC. *Id.* ¶ 116. Of course, Appvion also had other financial obligations

3

and commitments.  In October 2017, Appvion filed voluntary petitions for relief under Chapter 11.

Plaintiffs claim that this "litigation involves harmful and destructive manipulation of [Appvion's]

corporate enterprise by certain . . . directors and officers, and the advisers they engaged to oversee

and administer the core functions of the Appvion, Inc. Savings and Employee Stock Ownership

Plan."  *Id.* ¶ 1.  Plaintiffs assert that "hundreds of millions of dollars of creditor claims against

Appvion and Paperweight Development Corp. have gone unpaid."  Pl.'s Br. at 10, Dkt. No. 28.

## ANALYSIS

The defendants assert that Plaintiffs' claims are preempted by ERISA's conflict preemption

provision, Section 514 of ERISA, 29 U.S.C. § 1144(a).  The purpose of ERISA preemption is to

ensure uniformity of benefit law and protect the interests of plan beneficiaries.  *See Aetna Health*

*Inc. v. Davila*, 542 U.S. 200, 208 (2004).  "To this end, ERISA includes expansive pre-emption

provisions . . . which are intended to ensure that employee benefit plan regulation would be

exclusively a federal concern."  *Id.* (quotation marks and citations omitted).  ERISA has two

distinct preemption provisions: complete preemption under ERISA § 502 and conflict preemption

under ERISA § 514.  The parties agree that claims in this case raise questions concerning conflict

preemption.

Section 514 states that ERISA "shall supersede any and all State laws insofar as they

may . . . relate to any employee benefit plan."  29 U.S.C. § 1144(a).  Although the Supreme Court

has rejected "uncritical literalism" in applying this section, *Gobeille v. Liberty Mut. Ins. Co.*, 136

S. Ct. 936, 943 (2016), it has "long acknowledged that ERISA's pre-emption provision is 'clearly

expansive.'"  *Cal. Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.*, 519 U.S.

316, 324 (1997) (noting that the preemption provision has "a 'broad scope,' and an 'expansive

sweep;' and it is 'broadly worded,' 'deliberately expansive,' and 'conspicuous for its breadth.'"

(citations and alterations omitted)).  The Court has found that a law "relates to" an ERISA plan "if it has a connection with or reference to such a plan."  *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983).  Applying these principles, the Court has described two categories of state laws that ERISA preempts:

> First, ERISA pre-empts a state law if it has a "reference to" ERISA plans.  To be more precise, where a State's law acts immediately and exclusively upon ERISA plans or where the existence of ERISA plans is essential to the law's operation, that "reference" will result in pre-emption.  Second, ERISA pre-empts a state law that has an impermissible "connection with" ERISA plans, meaning a state law that governs a central matter of plan administration or interferes with nationally uniform plan administration.  A state law also might have an impermissible connection with ERISA plans if acute, albeit indirect, economic effects of the state law force an ERISA plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers.

*Gobeille*, 136 S. Ct. at 943 (internal quotation marks, citations, and alterations omitted).

As an initial matter, Plaintiffs assert that ERISA only preempts claims brought by plaintiffs who have standing to sue under ERISA.  Only plan participants, plan beneficiaries, plan fiduciaries, and the Secretary of Labor have standing to pursue ERISA claims.  *See* 29 U.S.C. § 1132(a)(3).  There is no dispute that Plaintiffs lack standing to sue under ERISA since they are not plan participants, beneficiaries, or fiduciaries.  Plaintiffs maintain that, if ERISA is found to preempt their state law claims, they would not have an avenue to redress their injuries.

The Seventh Circuit has held that "the availability of a federal remedy is not a prerequisite for federal preemption."  *Lister v. Stark*, 890 F.2d 941, 946 (7th Cir. 1989); *see also Rice v. Panchal*, 65 F.3d 637, 641 (7th Cir. 1995) (noting that ERISA "displaces state claims that it does not necessarily replace with federal claims" (citation omitted)).  Congress intended for ERISA to provide the exclusive means of obtaining redress for matters relating to benefit plans, and ERISA's goal was to "ensure that plans and plan sponsors would be subject to a uniform body of benefits law."  *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990).  The goal of uniformity and

5

predictability would be undermined if plaintiffs are permitted to obtain remedies under state law that Congress rejected in ERISA. In short, ERISA may preempt a plaintiff's state law claim regardless of whether ERISA provides an avenue for the plaintiff to obtain relief. Indeed, ERISA preemption turns on whether a plaintiff asserts a claim that is grounded in duties arising out of ERISA, not whether the plaintiff has statutory standing to assert a claim under ERISA. The court therefore rejects Plaintiffs' assertion that their claims are not preempted merely because they cannot obtain relief under ERISA and now turns to whether Plaintiffs' claims are preempted.

The Director and Officer Defendants assert that ERISA preempts Plaintiffs' claims against them because those claims relate to and depend on the Appvion ESOP, which is an ERISA-governed plan. *See* 29 U.S.C. § 1002(34). Plaintiffs assert that they are pleading their claims based on the corporate fiduciary duties owed by directors and officers to their companies in general, not on the Director and Officer Defendants' ERISA-based fiduciary duties. Citing *Barry v. Trustees of the International Association Full-Time Salaried Officers and Employees of Outside Local Unions and District Counsel's (Iron Workers) Pension Plan*, 404 F. Supp. 2d 145, 151 (D.D.C. 2005), Plaintiffs assert that, because ERISA acknowledges "that individuals may be both ERISA plan fiduciaries and officers or other employees in a corporation," their separate fiduciary obligations imposed under ERISA are irrelevant to Plaintiffs' claims of breaches of corporate fiduciary duties. Pls.' Br. at 28, Dkt. No. 28. Recognizing that not every business decision of an individual who is both a plan administrator and an employer will implicate the individual's ERISA fiduciary obligations, ERISA imposes fiduciary obligations only when an individual "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21).

In this case, Plaintiffs' allegations relate to the Director and Officer Defendants' management or administration of the ESOP and the alleged breaches of their ERISA-governed fiduciary duties and obligations. Plaintiffs allege that the Director and Officer Defendants "artificially and materially inflated" the value of the PDC stock by intentionally providing inaccurate information to the ESOP's valuation firms, they knew that the stock was being over valued but did nothing to stop it, and they improperly forgave intercompany debt and borrowed money from Appvion to fund the ESOP's repurchase obligations. Compl. ¶¶ 1, 3–8, 113–20, 393– 95, 400–01, 404, 409, 422–25, 431–33. ERISA imposes specific duties on ESOP fiduciaries regarding stock valuations and requires that fiduciaries monitor and fund repurchase obligations as set out in the plan's governing documents. *See Keach v. U.S. Tr. Co.*, 419 F.3d 626, 636–37 (7th Cir. 2005) ("A fiduciary must investigate the expert's qualifications, provide the expert with complete and accurate information, and make certain that reliance on the expert's advice is reasonably justified under the circumstances."); *see also Fish v. GreatBanc Tr. Co.*, No. 09-cv-1668, 2016 WL 5923448, at *14 (N.D. Ill. Sept. 1, 2016). The Director and Officer Defendants' duties are not independent of ERISA, as they are based on obligations under the ESOP, an ERISA-governed plan, and would not exist absent the plan. Plaintiffs' claims are grounded in the Director and Officer Defendants' ERISA-related duties, not their general corporate duties, and "relate to" the ESOP. Therefore, ERISA preempts Plaintiffs' claims against the Director and Officer Defendants.

Argent and Stout assert that the aiding and abetting claims against them also "relate to" the ESOP and are thus preempted by ERISA because Plaintiffs' claims are based on their performance of their plan-related duties. Plaintiffs claim that Argent and Stout aided and abetted the Director and Officer Defendants' breaches of fiduciary duties. Compl. ¶¶ 414, 418. Plaintiffs' claims

7

against Argent and Stout are premised on the existence of the ERISA plan and relate to the plan's administration. In their complaint, Plaintiffs challenge Argent's conduct in discharging its duties as the ESOP Trustee in determining the fair market value of PDC's common stock. *Id.* ¶ 113. Argent's duties as the ESOP Trustee are governed by ERISA and are central to the plan's administration. Argent engaged Stout as an independent appraiser to prepare fair market value determinations of the plan's stock holdings, an ERISA plan–required function that was crucial to the ESOP's administration. *See id.* ¶¶ 10, 112. Plaintiffs' claims of aiding and abetting, at their cores, are premised on errors in administering an ERISA plan. Because Plaintiffs' claims against Argent and Stout are predicated on conduct governed by ERISA, those claims are preempted and must be dismissed.

## CONCLUSION

For these reasons, the defendants' motions to dismiss are **GRANTED**. Plaintiffs' state law claims against the defendants are dismissed as preempted by ERISA. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

# United States District Court

## EASTERN DISTRICT OF WISCONSIN

ALAN D. HALPERIN
and EUGENE I. DAVIS,

               Plaintiffs,

            v.

MARK R. RICHARDS, THOMAS J. FERREE,
TAMI L. VAN STRATEN, JEFFREY J. FLETCHER,
KERRY S. ARENT, STEPHEN P. CARTER,
TERRY M. MURPHY, ANDREW F. REARDON,
KATHI P. SEIFERT, MARK A. SUWYN,
CARL J. LAURINO, DAVID A. ROBERTS,
ARGENT TRUST COMPANY,
STOUT RISIUS ROSS, INC.
and STOUT RISIUS ROSS, LLC.,

               Defendants.

**JUDGMENT IN A CIVIL CASE**

Case No. 19-C-1561

☐    **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict

☒    **Decision by Court.**  This action came before the Court for consideration.

    **IT IS HEREBY ORDERED AND ADJUDGED** that the plaintiffs take nothing and this case is DISMISSED.

                      Approved:   s/ William C. Griesbach
                                 WILLIAM C. GRIESBACH
                                 United States District Judge

Dated:  August 28, 2020

                                 GINA M. COLLETTI
                                 Clerk of Court

                                 s/ Mara A. Corpus
                                 (By) Deputy Clerk